## HENRY WHELPLEY v. IRA D. NASH.

*Action on justice's judgment—Excessive costs—Interest—Irregularities—Waiver by pleading.*

Where a declaration in justice's court is good in substance, and defendant is present and pleads to the merits, he waives any objection on the ground of its being too general.

A justice's neglect to record in his docket the place to which a case is adjourned, is a clerical irregularity for which judgment cannot be reversed if the defendant is not misled and appears and answers.

Costs when made up are an incident of the judgment, but are not so inseparable from the damages as to invalidate a justice's judgment therefor, when excessive. Comp. L. § 5479.

In an action on a justice's judgment the damages may be counted on alone if the award of costs is excessive and illegal.

Where excessive costs have been awarded by a justice in giving judgment, and the judgment debtor does not appeal, the party recovering judgment is entitled to rectify the error by remitting the costs and suing again upon the judgment for damages.

Interest may be reckoned on a judgment for costs when affirmed on *certiorari.* Comp. L., § 1635.

Error to Van Buren. Submitted Apr. 6. Decided Apr. 13.

ASSUMPSIT. Defendant brings error. Affirmed.

*Mills, Crane & Hilton* for plaintiff in error.

*Chandler Richards* for defendant in error. The declaration was sufficient if not demurred to : *Hurtford v. Holmes* 3 Mich. 460 ; *Comstock v. Howd* 15 Mich. 237 ; *Daniels v. Clegg* 28 Mich. 32 ; *Smoke v. Jones* 35 Mich. 409 ; *Smith v. Dodge* 37 Mich. 354 ; *Bradshaw v. McLoughlin* 39 Mich. 480 ; *Norton v. Colgrove* 41 Mich. 544 ; *Eddy v. Manshaun* 42 Mich. 532 ; *Smith v. Hobart* 43 Mich. 465 ; *Wilcox v. Tol. & A. A. R. R.* 43 Mich. 584 : 45 Mich. 280 ; *Snyder v. Winsor* 44 Mich. 140 ; *Preston v. People* 45 Mich. 486.

GRAVES, J. Nash, having recovered before a justice of the peace, sued the judgment over before another justice who gave judgment in his favor, and Whelpley took the cause by *certiorari* to the circuit court, where the determination made by the justice was affirmed. Whelpley brought error.

Complaint is made that the declaration was too general. We are inclined to think it was sufficient, but, admitting that it lacked legal certainty, the objection is unwarranted. The defendant was present and pleaded to the merits without suggesting any dissatisfaction with the declaration, and, as we are satisfied it is good in substance, there is no ground of complaint that has not been waived.

In recording an adjournment the justice neglected to state to what place it was made. This irregularity in the entry worked no prejudice to defendant. He was not misinformed or misled. He appeared in person and answered. The defect was a clerical mistake which harmed no one. The statute forbids reversals for such causes. Comp. L. § 5477.

The original judgment which was sued over was given for $79.80 damages and $24.56 costs. The allowance for costs was excessive and illegal, and Nash desired to remit them, and his object in suing the judgment over was to effectuate this purpose and eliminate the unauthorized allowance. This was made a matter of proof before the justice. The judgment in respect to damages was perfectly correct. The fault was confined to the award of costs and Whelpley made no attempt to have the error corrected. The case was allowed to stand without appeal or *certiorari*.

It is first objected that the judgment for damages and the award of costs were an entirety and that the excessiveness of the costs caused the whole recovery to be illegal. No doubt the costs when made up are an incident of the judgment. (*Saunders v. Tioga Manuf'g Co.* 27 Mich. 520), but they are not inseparably blended with the damages, and in case they exceed legal limits they do not necessarily infect with illegality that part of the recovery applicable to damages. The statute which says the judgment shall not be reversed " on account of any fees having been improperly allowed " by the justice, sufficiently implies that an award of costs

beyond what the law authorizes will not necessarily invalidate the entire recovery. Comp. L. § 5479. When the damages have been legally adjudged they may be distinguished and counted on, notwithstanding that the costs set down with them are illegal and must be rejected.

It is next contended that if the original judgment was a good one for the damages, there was no occasion to sue it over and cause further costs, since an execution might have been issued without including costs. The point is without merit. On rendering the second judgment the justice excluded the entire costs of the first. He included the damages only of the first judgment and then added the bare costs of the suit before himself. By such means Nash was enabled to remit the whole costs of the first cause, and reduce his recovery to proper form, and this was correct. He was not bound to let the judgment stand uncorrected and submit to whatever difficulties and embarrassments might arise from the error in regard to costs. He was entitled to have it brought into such shape as to afford the regular remedies for collection either through execution from the justice or a certified transcript entered up in the circuit court. Whether collection might not have been practicable without suing the judgment over is not material. There was "good cause" and that is sufficient. Comp. L. § 5376.

It is made a point that in affirming the judgment, the circuit court allowed interest on the costs before the justice. The statute gives interest on all judgments at law for the recovery of money (Comp. L. § 1635), and the practice has been constant under it to reckon interest on the costs in case of affirmance on *certiorari*. The legal costs before the justice have been treated invariably as a branch of the judgment for the purpose of interest, and there is no propriety in going behind this practical construction. Had the Legislature deemed it an improper one they would have interposed and corrected it long ago. There is nothing else worthy of notice.

The judgment is affirmed with costs.

The other Justices concurred.