## LORENZO C. MUDGE v. DAVID R. YAPLES.

### *Justice's docket entry.*

1. While a justice's docket entry is entitled to a fair and reasonable interpretation, it must nevertheless show by reasonable intendment that he had jurisdiction. And it must show affirmatively the day and hour of the appearance of the parties, and if defendant was absent that plaintiff appeared on the return day of the summons, and within one hour after the time fixed therein. Otherwise the judgment is void.

2. Parol proof is inadmissible to vary or explain a justice's docket so as to give him jurisdiction that does not appear on its face.

Error to Oceana. (Russell, J.) Oct. 16.—Oct. 28.

| 58 | 307 |
| 61 | 436 |
| 62 | 368 |
| 58 | 307 |
| 70 | 643 |
| 58 | 307 |
| 77 | 112 |
| 58 | 307 |
| 88 | 102 |
| 89 | 33 |
| 58 | 307 |
| 90 | 23 |
| 58 | 307 |
| 95 | 273 |
| 58 | 307 |
| 98 | 17 |
| 58 | 307 |
| 104 | 559 |
| 58 | 307 |
| 111 | 195 |
| 58 | 307 |
| 123 | 701 |
| 58 | 307 |
| 125 | 356 |
| d125 | 511 |
| 58 | 307 |
| 146 ¹ | 60 |

REPLEVIN. Defendant brings error. Affirmed.

*James Brassington* for appellant.

*W. E. Ambler* for appellee.

MORSE, C. J. Action of replevin for the recovery of the possession of two black steers, grade Galloways, two years old. Defendant attempted to justify his claim under a justice's judgment, execution and levy, and for that purpose offered in evidence the following entry of a judgment upon the docket of Jared H. Gay, a justice of the peace, to wit:

" *Wm. B. O. Sands and Edgar G. Maxwell, Plaintiffs, v. Lorenzo C. Mudge, Defendant.*

1884, July 23rd. Issued summons returnable 30th instant at 10 o'clock in the forenoon at my office, in the township of Crystal, said county of Oceana.

July 23rd. Summons returned personally served on the 23rd instant by David R. Yaples, constable. Fees, 45c.

Plaintiffs appeared by James Brassington, their attorney, who swore to his authority. The defendant not appearing, the plaintiff declares orally in trespass on the case upon promises, and upon all matters provable under common counts, to their damage of three hundred dollars or under.

Witness sworn for the plaintiff, I. C. Harwood. Whereupon I waited one hour and five minutes. After hearing the testimony I thereupon rendered judgment against the defendant for ninety and 14-100ths dollars damages and two and 70-100ths dollars costs.

Wm. B. O. Sands and Edgar G. Maxwell, the plaintiffs in above cause, at the time of rendering this judgment applied for an execution, based upon the oath of Robert Hyde.

Robert Hyde sworn, and says he is the agent for Sands and Maxwell, the plaintiffs, and knows that said defendant, Lorenzo C. Mudge, has sold and disposed of his property to defraud his creditors since the commencement of this suit, and that said plaintiffs will be in danger of losing said judgment without immediate execution. Thereupon I issued an execution for the same this 30th day of July, A. D. 1884, and delivered the same to David R. Yaples, constable for said Oceana county.

JARED H. GAY, Justice of the Peace."

To the introduction of said docket entry the plaintiff objected on the ground that said docket did not disclose the time when the plaintiffs appeared and judgment was taken. The circuit judge sustained the objection and excluded the docket. The defendant then offered oral testimony to prove that the appearance of plaintiffs was on the 30th day of July, 1884, and within the hour named in the summons, and that judgment was rendered on same day. To this plaintiff objected, and the court refused to admit the offered proof, and plaintiff had judgment. Error is assigned and argued on these rulings.

In our opinion the circuit judge was correct. While the docket of a justice must receive a fair and reasonable interpretation, and due allowance be made for the fact that our ordinary justices of the peace are not legal experts, and not expected to keep their dockets with the same nicety of legal form and expression to be found in the records of our higher courts, as held in the case of *Vroman v. Thompson* 51 Mich. 454, yet the docket must show by a reasonable intendment that the justice had jurisdiction. The appearance of the plaintiff within one hour of the time named on the return-day of the summons must be affirmatively shown where there is no appearance of the defendant, or jurisdiction is lost.

We think the docket entry shows that on the same day of rendering the judgment the execution was issued, and that this was on the 30th day of July, 1884. It also clearly shows that the plaintiffs appeared by attorney upon the same day, but at what hour the docket is entirely silent. From aught that appears therein it might have been at eight o'clock in the morning, or any hour in the afternoon. This defect is fatal. The statute specifically requires the time of the appearance of the parties to be entered, and for good and obvious reasons, and such an omission is a jurisdictional defect. See *Redman v. White* 25 Mich. 523. We consider the hour of the appearance as necessary to be entered as the day. A judgment rendered by a justice in favor of the plaintiff before the return-hour of the summons, without the consent or appearance of the defendant, or when the plaintiff has

failed to appear within one hour thereafter, is void. Nor can oral evidence be introduced to vary, amend or explain the docket of a justice so as to give him jurisdiction which does not appear on its face. The docket is the best evidence, and oral proof cannot be given of the proceedings which the law requires to be docketed.

The judgment must be affirmed with costs.

The other Justices concurred.