CHRISTINA D. POST v. WILLIAM HARPER.

*Justice's court—Attachment suit—If personal service not obtained and defendant does not appear—Failure of docket to show the appearance of plaintiff within one hour after time to which suit was adjourned—Ousts the justice of jurisdiction, and renders subsequent proceedings void.*

The failure of a justice of the peace to enter on his docket the *fact* of the plaintiff's appearance within one hour after the time to which an attachment suit was adjourned, in which personal service was not obtained and the defendant did not appear, ousts such justice of jurisdiction, and a judgment rendered in favor of plaintiff is void. *Mudge v. Yaples,* 58 Mich. 309.

Error to Livingston. (Joslin, J.) Argued May 11, 1886. Decided May 12, 1886.

Trover for attached property. Defendant brings error. Affirmed. The facts are stated in the opinion.

*H. C. Van Atta* and *L. S. Montague*, for appellant.

[Brief silent as to point decided.—REPORTER.]

*Rollin H. Person*, for plaintiff :

The justice's docket fails to show the time when the plaintiff appeared and judgment was rendered. This objection was not raised in the court below, but, being jurisdictional, can be urged at any time. The omission is a fatal defect: *Mudge v. Yaples*, 58 Mich. 309.

SHERWOOD, J. This is an action of trover to recover the value of a quantity of wheat alleged to have been taken and converted by the defendant.

It was conceded upon the trial at the circuit the plaintiff would be entitled to recover $143.44 if the defendant failed to justify the taking under certain proceedings in an attachment suit in justice's court, wherein said Harper was plaintiff and Mrs. Post was defendant.

These proceedings were held to be void at the circuit, and the plaintiff took her judgment, and the defendant now brings error.

The defects alleged in the proceedings in the attachment were :

" 1. Because the return of service made by the officer to the writ of attachment was not sufficient to confer jurisdiction.

" 2. Because the docket of the justice does not show at what time the plaintiff appeared and judgment was rendered.

" 3. Because the justice, on substituted service, was not authorized to render judgment for $86.28, when the affidavit for attachment and the writ of attachment claimed only $54.78."

Only the second ground urged against the validity of these proceedings need be considered.

From the record of the justice, as appears by the docket offered in evidence on the trial, no personal service of the writ was obtained by the officer upon the defendant, and she did not appear at any time in the case before the justice; that the cause was adjourned until the sixth day of July, at 1 o'clock P. M. The record then proceeds :

" JULY 6, 1885. This cause called. The plaintiff appeared, and answered to his name. The defendant did not appear.

After waiting one hour, the plaintiff proceeded to trial. The plaintiff declares on the common counts in an action of assumpsit, and for medical attendance for herself and family, and one promissory note, which is on file with the court, and claims damages, one hundred dollars. After hearing the proofs and allegations of the plaintiff, I do hereby render judgment in favor of William Harper, plaintiff, and against the defendant, Christina D. Post, for the sum of eighty-six dollars and twenty-eight cents damages, and costs of suit; costs taxed at five and 40-100 dollars."

It will be noticed it does not appear that the plaintiff appeared *within one hour* after the time to which the cause was adjourned. This must appear when there has been no appearance on the part of the defendant in the case, or the justice will lose jurisdiction. *Mudge v. Yaples*, 58 Mich. 309, rules this case.

The judgment at the circuit must be affirmed.

The other Justices concurred.