LYMAN E. NOYES v. NORMAN HILLIER.

*Justices of the peace—Docket entry—Attachment—Log lien—Service of process upon owner—Jurisdiction.*

1. The failure of a justice to wait the statutory hour ousts him of jurisdiction to render judgment in case the defendant fails to appear.

2. Where a justice's docket showed his failure to wait one hour before proceeding to the trial of a suit, the defendant not appearing, his return to a writ of *certiorari* issued to review said judgment that he waited the statutory hour cannot aid the docket, nor cure the error shown thereby.

3. To authorize service of an attachment in a log-lien suit on the agent of the owner, the return of the officer should show his inability to find the owner in his bailiwick.

4. Service of an attachment in a log-lien suit on the owner of the logs on the return-day will not warrant the justice in at once proceeding to the trial of the suit, in the absence of the owner.

Certiorari from Supreme Court to justice of the peace to review judgment in log-lien suit. Argued April 12, 1887. Decided April 28, 1887. Judgment set aside. The facts are stated in the opinion.

*J. L. Stoddard,* for petitioner.

MORSE, J.   Norman Hillier, the defendant in error, September 16, 1884, commenced a suit by attachment before one Malcome McPhee, a justice of the peace in Cheboygan county, for the purpose of enforcing a lien for labor upon "about 250,000 feet of white pine logs" in the west branch of the Sturgeon river.   Wright H. Obear was named as defendant in the affidavit and writ.   The writ was issued on the sixteenth and made returnable on the twenty-sixth day of September, 1884, at 10 o'clock A. M.   Service was made on Obear on the seventeenth of September, upon which day the constable seized the property under the attachment.

On the return-day of the writ a copy of the attachment was served—

"Upon Edwin C. Beecher, the agent of one L. E. Noyes, at the township of Nunda, in said county, who claims to own said logs."

Upon the same day the plaintiff filed a written declaration against Obear. Neither Obear nor Noyes, nor any one in their behalf, appeared. Hillier, the plaintiff, was sworn, and testified in his own behalf, and judgment was rendered in his favor that day against Obear for $194.50 damages, and $6.60 costs. The justice in his judgment, as recorded, also found—

"That the same is due for labor and services performed upon said logs described in the declaration, and is a lien upon the same to the amount of $142, with costs as above taxed."

Noyes, the plaintiff in error, shows that he is the owner of the logs, and was such owner at the time of the attachment proceedings, and asks a review of said judgment, alleging numerous errors in the action of the justice's court.

We do not deem it necessary to examine the assigned errors in detail. It is apparent, at the outset, that the justice acquired no jurisdiction to render any judgment that would affect the logs as against the owner. The docket shows that the justice, after calling the suit upon the return hour and day, proceeded to trial and rendered judgment in the absence and without any appearance of the defendant, Obear, or the owner of the logs. He returns to this Court that he waited one hour, but his docket does not show that fact. On the contrary, it would appear presumptively from the entries that he proceeded at once with the trial of the case. His return cannot aid his docket, or remove the presumption of the language of the entries.[1]

---

[1] The docket reads as follows: "Sept. 26. 10 o'clock A. M. Said plaintiff and defendant present. Plaintiff declared by written declaration filed in the cause. Plaintiff sworn as a witness in his own behalf. Defendant put in no defense. After hearing the testimony [here follows judgment entry]."

Nor do we think that the service upon the owner was sufficient. The return of the officer should have shown that the owner could not be found in his bailiwick, as a preliminary fact to authorize the substituted service. Neither can the justice, upon a service made by the officer upon the return-day of the writ, proceed at once upon such day to a trial of the cause, especially when such writ was returnable at 10 o'clock in the morning. Such a notice cannot be considered a reasonable one. No man's rights can be determined without his day in court, or without his having reasonable notice of the proceeding, and reasonable opportunity to appear and defend the same.

The judgment of the justice, as far as it affects the logs of plaintiff in *certiorari*, must be reversed, vacated, and set aside, with costs to him of this writ.

The other Justices concurred.