CHRISTIAN WEDEL ET AL. V. ALBERT GREEN.

*Justices of the peace—Filing transcript of judgment—Jurisdiction—
Certiorari.*

1. The filing of a transcript under Act No. 173, Laws of 1835, is a special proceeding, not according to the course of the common law, and, after execution has been issued from the circuit court, *certiorari* will lie to review the proceedings and determine their validity.

2. A transcript of a justice's judgment which fails to show at what hour the plaintiff appeared and took his judgment, the defendant not appearing, fails to show the jurisdiction of the justice to render the judgment.

*Certiorari* to review the proceedings had in the circuit court of Berrien county on a transcript of a justice's judgment filed and docketed under Act No. 173, Laws of 1885. Heard June 8, 1888. Proceedings set aside June 15, 1888. The facts are stated in the opinion.

*N. Bacon,* for petitioners.

*O. W. Coolidge,* for respondent.

SHERWOOD, C. J.   Certain real estate was levied upon and sold to the execution plaintiff, Albert Green, under an execution from the Berrien circuit court, on a judgment docketed in said court from a transcript of the same made by a justice of the peace under Act No. 173, Laws of 1885.   A motion was made in the circuit court to set aside all such proceedings after the filing of the alleged transcript, and to dismiss the case, because the affidavit made by the plaintiff to procure the transcript from the justice was not such as the law requires, and because the transcript did not show that the justice of the peace had any jurisdiction to render any judgment against the execution defendant.   The court denied

the motion. The execution defendant then removed the proceedings by writ of *certiorari* into this Court for review.

The transcript, when properly filed, is given the effect of a judgment in the circuit court under the statute. The proceeding is a special one, authorized only by the statute, is not according to the course of the common law, and, after execution has been issued from the circuit court, *certiorari* will lie to review the proceedings for the purpose of ascertaining their validity.

In this case it appears from the transcript filed that the justice who rendered the judgment had no jurisdiction. It does not appear that there was any proper service of the process upon the defendant, nor that the justice had any right to render the judgment at the time he did. It does not appear at what hour the plaintiff appeared and took his judgment,—whether it was at or before the time the writ was returnable; and, the defendant not having appeared, this fact should have been shown by the transcript to give the court jurisdiction to render the judgment. The record should show the jurisdictional facts, and they cannot be supplied by proof after the execution is issued. The defendant has a right to know from the record the proceedings by which his property is taken from him, and the record of proceedings of due process of law, when valid, must always show these. *Goodrich v. Burdick*, 26 Mich. 39; *Udell v. Kahn*, 31 Id. 195; *Townsend v. Tudor*, 41 Id. 263 (1 N. W. Rep. 1050); *Mudge v. Yaples*, 58 Id. 307 (25 N. W. Rep. 297); *Post v. Harper*, 61 Id. 434 (28 N. W. Rep. 161).

The judgment must be reversed, and proceedings set aside.

CHAMPLIN, CAMPBELL, and MORSE, JJ., concurred.