JAMES DENVER v. ROBERT CONNOLLY.

*Transcript of judgment—Sufficiency of affidavit.*

An affidavit for a transcript of a justice's judgment filed under How. Stat. § 6947, as amended by Act No. 173, Laws of 1885, which only corresponds with the transcript in describing the judgment in the title of the cause and the court in which it was rendered, and which gives a different date of rendition, is insufficient to warrant proceedings under the statute.

Error to Hillsdale. (Lane, J.) Submitted on briefs June 17, 1892. Decided July 28, 1892.

Summary proceedings to recover possession of lands. Defendant brings error. Reversed. The facts are stated in the opinion.

*William C. Chadwick,* for appellant.

*St. John & Lyon,* for complainant.

MONTGOMERY J. This was a summary proceeding to recover possession of lands. The complainant purchased the land in question at a sale made on an execution issued out of the circuit court of Hillsdale county. The execution was based on the transcript of a justice's judgment.

But one question need be considered, namely, whether

the affidavit for transcript is sufficient. The statute[2] authorizing a transcript from justice's court to be filed with the county clerk, and to become a judgment of the circuit court, provides that—

"Whenever an execution may by law be issued upon any judgment rendered by a justice of the peace, * * * the party in whose favor such judgment shall have been rendered * * * may make and deliver to the justice of the peace having the control of such judgment an affidavit setting forth, in substance, that the deponent knows, or has good reason to believe, and does believe, that there are not sufficient goods and chattels liable to execution to satisfy such judgment, within the county in which such judgment was rendered, belonging to such person or persons against whom such execution may issue."

And it is thereupon made the duty of the justice to deliver a transcript to the plaintiff, who may file the same and have it docketed in the circuit court. The affidavit in question reads as follows:

"*James Denver v. Robert Connolly.*

"In justice's court, before Zimri D. Thomas, one of the justices of the peace in and for the county of Hillsdale.

"*County of Hillsdale*—ss.:

"James Denver, the above-named plaintiff, being duly sworn, says that there is now due and remaining unpaid upon the judgment heretofore, on the 23d day of January, A. D. 1889, rendered in the above-entitled cause by the above-named justice, in favor of this deponent against the above-named defendant, the sum of one hundred and twenty-one dollars and ninety cents, exclusive of costs, and that there is now due to this deponent for the costs taxed in said cause by said justice upon the rendition of said judgment the further sum of two dollars and seventy cents costs, and that execution may now issue upon said judgment for the collection thereof; and deponent further says that he has good reason to believe, and does believe, that there is not sufficient goods and chattels liable to execution to satisfy

[1] 3 How. Stat. § 6947.

said judgment within the county of Hillsdale, where said judgment was rendered, belonging to the said Robert Connolly, or to any person or persons against whom such execution may issue; and further says not."

The transcript filed with the county clerk showed a rendition of judgment on the 26th day of January, 1889, for the sum of $121.90, and $2.70 costs. It is contended by the complainant that the affidavit, taken as a whole, shows that the judgment the transcript of which was filed was the one intended and referred to in the affidavit; but it will be noticed that the only correspondence of the affidavit with the transcript appearing is the title of the cause and the court in which the judgment was taken. The affidavit is not required to and does not in fact state the amount for which judgment was originally rendered. It simply states the amount "now due" upon the judgment. It also states the date upon which the judgment was rendered, which differs from the date of the judgment a transcript of which is given.

We are unable to say that this error is one which is cured by other averments in the affidavit. The date is the only thing, aside from the title of the cause, which fixes the identity of the judgment upon which it is claimed that there is a sum due. Nor are we able to say that there is a conclusive presumption that but one judgment was rendered before this justice in favor of this plaintiff and against this defendant. It is clear that the identity of the judgment is not fixed, particularly when the affidavit describes a. judgment which does not correspond with the one a transcript of which is given. It has been held that it is essential that the transcript filed under this statute shall affirmatively show jurisdiction. *Wedel v. Green*, 70 Mich. 642. We think the judgment which was entered for the complainant should have been for the defendant.

Judgment will be reversed, and judgment entered in this Court for defendant, with costs of both courts.

The other Justices concurred.