CHARLES W. WALDRON v. JULIAN A. PALMER.

*Justices of the peace—Jurisdiction of person—Waiver—Docket entries—Parol evidence—Adjournment—Pleading— Variance—Amendment.*

1. The presence of the parties to a suit in justice's court, and their consent to an adjournment, without pleading, cures any defects in the service or return of service of the summons by which the suit was commenced.

2. An entry upon the docket of the justice as to such appearance and consent, being facts occurring in his presence, cannot be contradicted in an action upon the judgment rendered in the case.

3. Where, in a suit upon a justice's judgment, a question of variance between the declaration and the proof as to the date of the original summons arises, and the circuit judge decides that such variance does not exist, the appellate court, if, upon inspection, disagreeing with him, will treat his determination as an amendment, it being apparent that the case proceeded upon the theory that the date was correctly pleaded.

4. The failure of a justice of the peace to enter upon his docket the place to which a case is adjourned, pursuant to How. Stat. § 7053, voids a judgment rendered on the adjourned day,

it not appearing that the defendant knew where to attend, and the docket entries showing that he was not then present.

Error to Hillsdale. (Lane, J.) Submitted on briefs February 14, 1895. Decided April 2, 1895.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Arthur L. Guernsey* (*Timothy E. Dibell*, of counsel), for appellant.

*F. A. Lyon,* for plaintiff.

HOOKER, J. Plaintiff recovered in an action upon a justice's judgment, and the defendant appealed. A number of questions are raised upon the transcript of the justice's docket.

The docket reads:

"1887, June 7. Summons issued returnable June 17, 1887, at 9 a. m., at my office in Hillsdale city.

"June 17. Summons returned personally served on June 9, 1887, by Walter St. John, Const.; fees, $2.35. Suit called. Parties appear, and adjourn by consent to July 2, 1887, at 9 a. m., without pleading.

"July 2. Suit called at 9 a. m. Plaintiff appeared. Defendant did not appear, and after a delay of one hour, and defendant not yet appearing, plaintiff goes to trial, and declares," etc.

The presence of the parties and their consent to adjourn the suit, without pleading, cured any real or imaginary defects in what preceded it. It was a fact that occurred in the presence of the justice, and his statement of the fact officially cannot be contradicted collaterally. The case of *Facey v. Fuller,* 13 Mich. 527, is conclusive of this question, and the fact that defendant did not choose to plead cannot lessen the credit to be given to the justice's entry. If it could, two false entries would be conclusive,

while one would not. This disposes of several assignments of error, which will not be further mentioned.

An alleged variance between the declaration and proof in the trial at the circuit is relied upon. It was in relation to the date of the summons issued by the justice. The judge appears to have decided that the declaration did not vary from the proof. Had he determined otherwise, he would, doubtless, have permitted an amendment; and if, upon inspection, we should disagree with him as to which year of the date was printed over the other, we should feel bound to treat his determination as equivalent to an amendment, as the case evidently proceeded upon the theory that the date was correctly pleaded.

It is contended that the docket did not state the place to which the case was adjourned. The summons was returnable at the justice's office in Hillsdale city. How. Stat. § 7053, provides that every justice shall keep a docket, in which he shall enter "every adjournment, stating at whose motion, and to what time and place." The jurisdiction of the justice must affirmatively appear. If the adjournment was unauthorized,—e. g., if beyond the jurisdiction of the justice as to time or place,—the right to proceed with the case was lost. The same would be true if no place were named, for a justice may hold court at any appointed place within his township. The entry does not show that he adjourned to any particular place; and, while it is probable that the parties understood that the adjournment was to the same place, it is as probable that nothing was said about the place, it being tacitly understood. In Wisconsin the failure to enter the time and place of adjournment renders the judgment void. *Roberts v. Warren*, 3 Wis. 736; *Brown v. Kellogg*, 17 Id. 475; *Crandall v. Bacon*, 20 Id. 639; *Grace v. Mitchell*, 31 Id. 533; *Brahmstead v. Ward*, 44 Id. 591. The question arose in our own State in *Whelpley v. Nash*, 46 Mich. 26.

On *certiorari* the circuit court refused to reverse the case for what it termed a "clerical error." But in that case the mistake was evidently clerical, for the defendant appeared and answered at the time to which the case was adjourned. This was a clear waiver. Again, it is significant that the Court cited the statute, How. Stat. § 7044, which it said "forbids reversals for such causes." The statute referred to is as follows:

"The court shall proceed to give judgment in the cause as the right of the matter may appear, without regarding technical omissions, imperfections, or defects in the proceedings before the justice, which did not affect the merits; and may affirm or reverse the judgment, in whole or in part, and execution shall issue thereon, as upon other judgments rendered in the circuit or district court."

Instead of treating the judgment as void, the defendant chose to review it upon *certiorari,* and it appeared that he was relying upon a technical omission. That is not so in this case, for there is nothing to show whether the defendant knew where to attend, and it appears from the transcript that he was not present. The transcript should show jurisdiction. *Mudge v. Yaples,* 58 Mich. 307; *Weaver v. Lammon,* 62 Id. 366; *Toliver v. Brownell,* 94 Id. 577; *Holmes v. Cole,* 95 Id. 273.

The judgment must be reversed, with costs of all courts. No new trial will be directed.

The other Justices concurred.