## WOEMPENER *v.* KETCHUM.

JUSTICES OF THE PEACE — CONTINUANCE AND ADJOURNMENT — DOCKET ENTRIES.

A justice may continue a proceeding before him by holding it over from day to day, in order to perform other official duties, without losing jurisdiction of the case; and such holding over is not technically an adjournment, within the meaning of 2 How. Stat. §§ 6899–6903, even though it is so called in his docket, and is not within the provisions of section 7053, requiring the docket to show adjournments, and the place to which they are made.

Error to Iron; Stone, J. Submitted June 10, 1896. Decided June 30, 1896.

*Assumpsit* by Fred Woempener against Edward F. Ketchum. A justice's judgment was affirmed on *certiorari* in the circuit court, and defendant brings error. Affirmed.

*Julius J. Patek*, for appellant.

*J. W. Byers*, for appellee.

HOOKER, J. The defendant removed this cause from justice's court to the circuit court by *certiorari*, where the judgment was affirmed. The only point requiring consideration is whether the justice lost jurisdiction by an irregular adjournment, under the rule stated in the case of *Waldron* v. *Palmer*, 104 Mich. 556.

The defendant was regularly summoned, but chose not to appear at any stage of the proceedings. The plaintiff appeared and declared, and the return of the justice shows that the trial was commenced, and the plaintiff was sworn and testified, and legal questions were argued; that at 12 o'clock noon the cause was

adjourned and continued until the succeeding day at 10 o'clock; that the reason of this was that it was necessary to suspend for dinner, and that the justice had other official duties to perform during a part of the afternoon, and he desired time to look up some legal questions bearing upon the case.

It is competent for the justice to delay proceedings by "holding open," as it is sometimes called, and by continuing and adjourning from day to day, during the progress of the trial, and, if there is no abuse of discretion, he does not lose jurisdiction thereby. That is what he appears to have done in this case, and it matters not that he called it an adjournment in his docket. Technically it was not an adjournment provided for by the statute. 2 How. Stat. §§ 6899-6903.

In the case of *Waldron* v. *Palmer* we held that the docket must show adjournments, and the place to which they are made. With much reluctance we felt constrained to follow the letter of the statute. But we think section 7053, which controlled that case, does not extend to continuances for a few hours, or from day to day. See Tiff. Justice's Guide, 295, and cases cited; *Stadler* v. *Moors*, 9 Mich. 268.

The judgment of the circuit court is affirmed.

LONG, C. J., MONTGOMERY and MOORE, JJ., concurred. GRANT, J., did not sit.