STOLTE, DANGEL & FOSS CO. *v.* COCHRAN.

|   |   |
|---|---|
| 111 | 193 |
| d125 | 82 |
| 125 | 856 |

JUSTICES OF THE PEACE—DOCKET ENTRIES—ADJOURNMENT.

> A judgment rendered by a justice of the peace on failure of defendant to appear on an adjourned day is void if the docket entries fail to show the hour at which the summons was returnable, the hour and place to which the cause was adjourned, the hour on the adjourned day at which plaintiff appeared, and the hour at which the case was called by the justice.

Error to Gogebic; Haire, J. Submitted October 23, 1896. Decided December 18, 1896.

Trover by the Stolte, Dangel & Foss Company against Livy R. Cochran and another. From a judgment for defendants, plaintiff brings error. Affirmed.

*Buck & Waples*, for appellant.

*George C. Foster* and *Foster & Bushnell*, for appellees.

MOORE, J. Plaintiff's cause of action depends upon whether a judgment rendered in justice's court is good. The entries on the justice's docket, which was offered in evidence, read as follows:

"August 31, 1893. Summons issued, returnable at my office, in the city of Ironwood, in said county, on the fourth day of September, 1893. Returned duly served on Carl T. Engstrom and Johanna P. Johnson, defendants, at the city of Ironwood, in said county, on the first day of September, 1893, by William J. Ninness, deputy sheriff. His fees $1.50.

"Sept. 5. Case called at nine o'clock in the forenoon, the fourth day of September. The return day of said summons being a legal holiday, said cause was continued to September fifth, according to the statute in such case made and provided. Plaintiff appears by Belmont Waples, attorney, and proves his authority to appear, and declares orally on the common counts in *assumpsit*, and especially for goods sold and delivered, and claims damages three hundred dollars or under. Defendant does not appear; and after waiting for one hour, and said defendant not appearing within that time, at request of plaintiff I did proceed to try and determine said cause."

No other proof was offered to show the manner of service of the original process in said cause of the Stolte, Dangel & Foss Company against Carl T. Engstrom and Johanna P. Johnson, copartners. It was proved that the files and records in the cause of the Stolte, Dangel & Foss Company against Carl T. Engstrom and Johanna P. Johnson, except the judgment aforesaid, were lost. No proof was offered to prove the contents of the officer's return of the summons in the said cause of the Stolte, Dangel & Foss Company against Carl T. Engstrom and Johanna P. Johnson. The circuit judge held that the judgment rendered by the justice was void. Afterwards the original summons was found, the return upon which showed due personal service on each of the defendants named in the summons. A motion was then made before the trial judge for a new trial, upon the ground that the court erred in holding that the docket entry did not show such service of the summons as gave the justice jurisdiction; also, because the original summons shows that the docket entry of the justice was erroneous and incomplete, and because of newly-discovered evidence in the finding of the original sum-

mons, with the officer's return upon it, showing personal service. The motion for a new trial was overruled by the trial judge. The trial judge was not requested to assign his reasons for making the disposition he did of the motion for a new trial, and he did not assign his reasons for refusing a new trial. The plaintiff brings the case here.

There are several reasons why the case should be affirmed. The only ones necessary to mention here are: *First.* The docket entry does not show at what hour the summons was returnable on the 4th day of September. *Second.* It does not show to what hour the case was adjourned on September 5th, nor to what place. *Third.* It does not show at what hour on September 5th the plaintiff appeared before the justice, or at what hour the case was called by the justice. These defects were fatal. *Mudge* v. *Yaples*, 58 Mich. 307; *Post* v. *Harper*, 61 Mich. 434; *Wedel* v. *Green*, 70 Mich. 642; *Talbot* v. *Kuhn*, 89 Mich. 30 (28 Am. St. Rep. 273); *Waldron* v. *Palmer*, 104 Mich. 557.

The judgment is affirmed.

The other Justices concurred.