NEWBAUER *v.* NEWBAUER.

JUSTICES OF THE PEACE—LOG-LIEN PROCEEDINGS—NOTICE

A justice's judgment against the owner of logs in an attachment under the log-lien law is invalid where it was rendered the day after the writ was served on the owner, and it does not appear that the officer made any search or inquiry to find him earlier.

Error to Menominee; Stone, J. Submitted February 3, 1897. Decided May 11, 1897.

Proceedings under the log-lien law by Robert Newbauer against Albert Newbauer and Charles A. Spies.

From a judgment for defendant Spies, plaintiff brings error.   Affirmed.

*Norwood Bowers*, for appellant.

*J. M. Opsahl*, for defendant Spies.

LONG, C. J.   This, action was commenced in justice's court in Menominee county, and judgment was rendered in favor of the plaintiff for $22.50 damages, and $10 costs of suit.   The action was commenced by writ of attachment under the log-lien law.   After judgment, defendant Spies, log owner, took a general and special appeal to the circuit court, where the judgment was reversed, and the case comes to this court by writ of error.   It appears by the officer's return to the writ of attachment that he served the writ upon the defendant log owner on April 1, 1896, and the judgment was rendered before the justice on the next day.   Only a part of the property described in the writ was taken in custody by the officer.   There is no showing that the officer made any search or inquiry to find the owner of the property, although the writ states that Mr. Spies was the owner.   The log owner did not appear before the justice, and now contends that he had no sufficient notice, and that, therefore, the justice had no jurisdiction to render judgment against him.   This was undoubtedly the view taken by the court below in reversing the judgment.   The case is governed by *Noyes* v. *Hillier*, 65 Mich. 636, and *White* v. *Prior*, 88 Mich. 647.

The court below was not in error in reversing the judgment, and the case will stand affirmed.

The other Justices concurred.