MITTS v. HARVEY.

1. JUSTICES OF THE PEACE—ADJOURNMENT — DOCKET ENTRY—RETURN TO CERTIORARI.

On *certiorari* to a justice, sued out by a defendant against whom judgment was rendered on his failure to appear on the day to which an adjournment.had been taken at his request, a docket entry which fails to show the place to which the cause was adjourned cannot be supplemented, so as to save the judgment, by a return of facts which tend to show a waiver by defendant of the omission.

2. SAME—TECHNICAL DEFECT—RULE ON CERTIORARI.

Where judgment was rendered for plaintiff by a justice upon defendant's failure to appear on the day to which the cause was adjourned, an omission to state in the docket entry the place to which the adjournment was taken is not a "technical defect" which the circuit court, under 1 Comp. Laws 1897, § 948, may disregard on *certiorari*.

Error to St. Clair; Vance, J. Submitted November 14, 1900. Decided December 4, 1900.

Replevin by George Mitts against Frank Harvey. From a judgment for defendant, plaintiff brings error. Affirmed.

*Atkinson, Wolcott & Moore*, for appellant.

*H. W. Smith*, for appellee.

MOORE, J. This suit was commenced in justice's court, heard on *certiorari* in the circuit court, and is brought here by the plaintiff by writ of error.

The entry upon the docket of the justice's court shows that, upon the return day of the writ of replevin, the parties were present in court. It then recites:

"Defendant, Frank Harvey, files an affidavit with the court asking for an adjournment until the 23d day of January, A. D. 1899. Court adjourned until the 23d day of January, A. D. 1899, at nine o'clock in the forenoon."

Defendant did not appear afterwards, and a judgment was taken against him.

After the justice had made his return, he was allowed to make a further return as follows:

"I return that the application of the defendant above referred to was that the said cause be adjourned to January 23, 1899, at nine o'clock a. m., to my office in the township of Mussey; and I also return that it was fully understood by the said defendant that the cause would be tried on January 23, A. D. 1899, at nine o'clock in the forenoon of said day, at my office in the township of Mussey, in said county, and the place was noted by me at the time of said adjournment in my minutes, but by a clerical error I omitted to have it written in my docket."

Upon the hearing the circuit judge held the omission to enter upon the justice's docket the place to which the adjournment was had was fatal, and rendered a judgment in favor of defendant.

It is conceded by counsel for plaintiff that the general rule is as stated by the circuit judge. Their position, as stated in their own language, is: "This rule is so well settled that if it were not for the qualifying facts, which we insist amount to a waiver, and the fact that the question has not been properly raised, we would not be here seeking a reversal of the judgment of the circuit court. The objection is a technical one, and the court will observe that judgments have only been reversed upon this ground with the greatest reluctance, and when there was nothing to show a waiver, and only when the point was properly raised. It is therefore our contention: *First.* The fact that the adjournment was upon the application of the defendant, and the return shows that he understood thor-

oughly the place to which the cause was adjourned, amounts to a waiver, and is sufficient to prevent him having the judgment set aside upon this ground,"—citing *Whelpley* v. *Nash*, 46 Mich. 25 (8 N. W. 570). "*Second.* It appearing that the point raised is purely a technical objection, we submit that the writ of *certiorari* cannot be used for the purpose of setting aside this judgment. The statute reads as follows: 'The court shall proceed to give judgment in the cause as the right of the matter may appear, without regarding technical omissions, imperfections, or defects in the proceedings before the justice, which did not affect the merits,'"—citing 1 Comp. Laws 1897, § 948; *Whelpley* v. *Nash, supra.*

If the docket entry showed such a state of facts as amounted to a waiver, or that there had been a hearing upon the merits, there would be much force in this contention. A justice of the peace may hold court at any place in his township. It is essential to his jurisdiction that a writ issued by him should show the place where it is returnable. It is just as important that his docket should show the place to which a cause commenced before him is adjourned, so that the parties may not be misled by a failure of recollection or a difference of recollection or other reason, and thereby be deprived of an opportunity to be heard in court. *Mudge* v. *Yaples*, 58 Mich. 307 (25 N. W. 297); *Post* v. *Harper*, 61 Mich. 434 (28 N. W. 161); *Noyes* v. *Hillier*, 65 Mich. 636 (32 N. W. 872); *Wedel* v. *Green*, 70 Mich. 642 (38 N. W. 638); *Waldron* v. *Palmer*, 104 Mich. 556 (62 N. W. 731); *Fitzhugh* v. *Rivard*, 109 Mich. 154 (66 N. W. 947); *Stolte, Dangel & Foss Co.* v. *Cochran*, 111 Mich. 193 (69 N. W. 247).

It has been repeatedly held that the docket entry must control, and cannot be contradicted or explained by the return to the writ, so as to give the justice jurisdiction, where jurisdiction does not appear upon the face of the docket. *Mudge* v. *Yaples, supra; Noyes* v. *Hillier, supra; Toliver* v. *Brownell*, 94 Mich. 577 (54 N. W. 302); *Holmes* v. *Cole*, 95 Mich. 272 (54 N. W. 761), and

many cases cited; *Waldron* v. *Palmer*, 104 Mich. 556 (62 N. W. 731). With this return of the justice explaining what occurred before him eliminated, there is nothing to show waiver. Nor does it appear, taking both the return and the waiver into consideration, there has ever been a trial upon the merits. In the case of *Whelpley* v. *Nash*, 46 Mich. 25 (8 N. W. 570), while the docket entry did not show the place to which the adjournment was had, the defendant appeared upon the adjourned day and answered; so the court might well hold that he was not prejudiced.

Judgment is affirmed.

The other Justices concurred.