LODER *v.* REED.

JUSTICES OF THE PEACE—DOCKET ENTRIES—TIME OF ADJOURN-
MENT—ENTRY OF JUDGMENT.

Entries in the docket of a justice under the date to which the
cause had been adjourned, which show that the case was
called at 10 o'clock, and that defendant's motion for an
adjournment was overruled, and the case "adjourned" until
1 o'clock, when judgment was entered for plaintiff, are not
open to the objection that they do not show the date to which
the cause was adjourned, and the date of the entry of judg-
ment.

Error to Lapeer; Smith, J. Submitted December 13,
1901. Decided December 21, 1901.

*Assumpsit* by Benjamin F. Loder against Anna Reed
for goods sold and delivered. From a judgment for plain-
tiff, defendant brings error. Affirmed.

*Stickney & Reed,* for appellant.

*I. J. Kohler,* for appellee.

MONTGOMERY, C. J. This case originated in justice's
court, was removed by the defendant to the circuit court
by *certiorari,* and, upon affirmance of the judgment, is
brought here by writ of error. The errors assigned are
the refusal of the justice to grant an adjournment of the
case, and the failure to make the date to which the case
was adjourned, and the date of the entry of judgment,
appear upon the docket.

As to the first question, it will suffice to say that we are
of the opinion that the justice did not err in the exercise of
his discretion in refusing an adjournment.

As to the second question, the docket shows a regular
adjournment from the 1st of February to the 15th of
February, 1901. The docket then proceeds, under date
of February 15, 1901:

"Ten o'clock a. m., at my office in the city of Lapeer. Cause called. Plaintiff appears, ready for trial. B. F. Reed appeared for the defendant. * * * Whereupon the defendant's attorney made a motion for an adjournment on account of the sickness of the defendant."

This is followed by an account of the proceedings upon the application for an adjournment, concluding as follows

"I overruled said motion, and adjourned said cause until one o'clock p. m., at my office in the city of Lapeer, for hearing. One o'clock p. m., at my office in the city of Lapeer. Cause called. Plaintiff, witnesses, and his attorney present. Defendant not present. And, after holding the cause open for one hour, the defendant not yet appearing, I did proceed to hear the proofs on the part of the plaintiff in said cause. * * * And, after hearing the proofs and allegations of the parties, judgment is hereby forthwith rendered in favor of the said plaintiff," etc.

There is no question that the docket should show the time and place to which a cause is adjourned, and the date of the entry of judgment. It has been frequently held that this is jurisdictional. See *Waldron* v. *Palmer*, 104 Mich. 556 (62 N. W. 731); *Mitts* v. *Harvey*, 125 Mich. 354 (84 N. W. 288). But, after this is said, we are also of the opinion that this docket does show the date to which the cause was adjourned, and the date of the entry of judgment. All the proceedings to which allusion has been made are under date of February 15th. This date appears in the docket. What follows, by reasonable intendment, is to be construed as under that date. The entry of the adjournment of the case until 1 o'clock, coupled with the statement that the motion for an adjournment, made on behalf of defendant, had been refused, clearly indicates a simple holding open of the case until 1 o'clock of that day. The subsequent entry has reference also to the same date, already appearing upon the docket. A reasonable and fair construction of the docket should be given, and, so construed, we think this docket shows the date of the entry of this judgment, and the date to which

the adjournment was had. See *Stoll* v. *Padley*, 98 Mich. 13 (56 N. W. 1042).

The judgment will be affirmed.

The other Justices concurred.