, PURDY *v.* LAW.

1. JUSTICES' COURTS—JURISDICTION—APPEARANCE.
   Where the entries in a justice's docket show that a summons was issued, but not served on one of the defendants, and an *alias* was issued, but no entry of the appearance of the plaintiff on the return day, and no entry of the appearance of the defendants, a judgment rendered against them on the return day of the *alias* summons is void.

2. SAME—ALIAS SUMMONS—DATE OF ISSUE.
   Such judgment cannot be sustained by considering the *alias* summons as the commencement of another action, where the docket fails to state when it was issued.

Appeal from St. Clair; Tucker, J., presiding.   Submitted December 4, 1902.   (Docket No. 145.)   Decided April 7, 1903.

Bill by Delos Purdy against Eugene F. Law to remove a cloud from title.   From a decree dismissing the bill, complainant appeals.   Reversed.

*William E. Leonard* ( *William T. Mitchell*, of counsel ), for complainant.

*Alex. Moore*, for defendant.

HOOKER, C. J.   The complainant filed the bill in this cause to remove a cloud from his title to a lot in Port Huron.   The testimony shows that he purchased the lot from George E. Mallory for a valuable consideration, and

in ignorance of any claim against it, although at the time of such purchase the defendant had a sheriff's deed of the premises issued upon an execution sale based on a transcript judgment.

The transcript of the docket filed is as follows:

"NEIL McCORMICK
    " *vs.*
" ELMER G. MALLORY and
    GEORGE E. MALLORY.

Attorney: JOHN L. WILLOUGHBY.

*Assumpsit.*

" Sept. 28th, 1898, *præcipe* filed and summons issued, returnable at my office in the city of Port Huron on October 6th, 1898, at 8 a. m.

"Summons returned personally served on Elmer G. Mallory, one of said defendants, on September 28, 1898, by Alex. T. Stewart, constable. Summons not served on George E. Mallory, one of said defendants, and *alias* issued, returnable at my office in the city of Port Huron on October 12th, 1898, at 8 o'clock a. m. Summons returned personally served on George Mallory, one of said defendants, on October 6th, 1898, by Alex. T. Stewart, constable. Fees, 45 cents.

" October 12th, 1898, at 9 a. m., case called. Plaintiff present by John L. Willoughby, who proves his authority to appear under oath. Defendants not present, nor either of them. After waiting one hour and defendants not appearing, plaintiff declares orally on common counts in *assumpsit*, and especially on a certain promissory note, which is herewith filed as part of declaration, and claims damages $300.00 or under. John L. Willoughby sworn for plaintiff (for testimony see justice's note book). Thereupon, after hearing all the evidence, the court rendered judgment in favor of the plaintiff and against the defendants for twenty-one dollars and twenty cents damages and $2.55 costs.

" CARL A. WAGNER,
    " Justice of the Peace.

" Dated October 12, 1898.
" Damages, $21.20; costs, $2.55."

The defects in this transcript which are relied upon are:

1. That it fails to show that the plaintiff appeared upon the return day of the summons, or requested that an *alias* summons be issued, and that, therefore, the court lost jurisdiction, and the subsequent proceedings were void.

2. That the docket fails to show an appearance by the plaintiff on October 12th within the hour, and that, if the court had jurisdiction to issue the *alias*, it was lost by his failure to call the case and plaintiff's failure to appear before 9 o'clock.

According to the record, George E. Mallory was not served with the original summons, but was served with the *alias*. The police court being a court of limited jurisdiction, its jurisdiction must affirmatively appear upon the record, or the judgment may be treated as void. The plaintiff is not shown to have appeared upon the return day, and, as the statute (1 Comp. Laws, § 957) requires that the time of the appearance of the parties be entered, we must assume that no one appeared upon the return day, and the failure of the plaintiff to appear worked a discontinuance of the case, and ousted the court of jurisdiction. See *Redman* v. *White*, 25 Mich. 526; *Brady* v. *Taber*, 29 Mich. 200,—where it was held that a failure of the plaintiff to appear ousts a justice of all jurisdiction; *Johnson* v. *Dexter*, 38 Mich. 695. In *Mudge* v. *Yaples*, 58 Mich. 307 (25 N. W. 297), it was held that the docket must show affirmatively that the plaintiff appeared on the return day of the summons within one hour of the time fixed therein, and that otherwise the judgment is void, and that oral evidence is inadmissible to show jurisdiction in such a case. *Post* v. *Harper*, 61 Mich. 434 (28 N. W. 161).

It is contended that the *alias* summons may be treated as the commencement of another action. The transcript states that this *alias* summons was made returnable on October 12th at 8 a. m., but fails to state when it was issued. The law requires the docket to show the time when the first and subsequent process was issued, and the particular process issued. 1 Comp. Laws, § 957. There is no way of telling from the docket when it issued, and it negatives the claim that it was original process.

The action was brought before a police justice of Port Huron, whose jurisdiction is fixed by the charter. See

Act No. 445, Local Acts 1897, chap. 14.   Section 16 provides that, "before any civil action or proceeding   *   *   .*
shall be commenced in said justice's court, there shall be
filed   *   *   *   a *præcipe* for the writ desired, and   *
*   *   at the same time the sum of one dollar shall be paid
to the clerk."   Whether the filing of said *præcipe* or payment of said fee should be held jurisdictional need not
be discussed, for the case must be disposed of on other
grounds.   If this summons is to be treated as an *alias*
summons, it is void, for the reason that the suit abated
by the failure of the plaintiff to appear on the return day
and demand it.   If it might be treated as an original summons in contravention of the docket, the judgment is still
void upon its face, because it omits to comply with the
statutory requirement as to the entry of the time when
the process was issued.   This is more than an irregularity.
It renders the judgment of the magistrate void, and, the
defect appearing upon the face of the transcript judgment, advantage may be taken of it in this proceeding.
The sheriff's deed is a cloud upon complainant's title, and
he is entitled to have it removed.

The decree is reversed, and a decree will be entered in
this court in accordance with the prayer of the bill, with
costs of both courts.

The other Justices concurred.