### LACOMB *v.* GODKIN.

1. COSTS—SECURITY—JUSTICE'S COURT—WAIVER.

    The right to require security for costs of a plaintiff in justice's court is waived by pleading and going to trial on the merits.

2. SAME—SPECIAL APPEAL—PROCEDURE.

    Where defendant in justice's court takes a special appeal on the ground that the court erred in overruling his motion for security for costs, he having pleaded the general issue and gone to trial on the merits after the overruling of his motion, the proper practice to raise the question is to move for security in the circuit court.

Error to Bay; Shepard, J. Submitted January 10, 1906. (Docket No. 47.) Decided March 5, 1906.

Assumpsit in justice's court by David Lacomb against John Godkin for work and labor. Plaintiff recovered judgment, and defendant appealed to the circuit court. There was judgment for plaintiff, and defendant brings error. Affirmed.

This action of assumpsit for work and labor originated in justice's court, where plaintiff recovered a judgment for $54.75. On the return day of the summons, and after plaintiff had declared orally, the defendant moved for security for costs. The motion was denied, and thereupon the defendant pleaded the general issue, with notice of set-off and recoupment, and proceeded to trial. Defendant then took a special appeal; the ground of the special appeal being that the court erred in overruling the motion for security for costs because the plaintiff was a nonresident of the county. Upon the trial in the circuit court defendant moved to dismiss the suit for lack of jurisdiction in the justice to try the case. The court denied the motion, and the case went to trial before a jury.

143 MICH.—13.

*Lee E. Joslyn*, for appellant.

*James Donnelly*, for appellee.

GRANT, J. (*after stating the facts*). It does not appear from the return of the justice that any evidence was produced before him that the plaintiff was a nonresident. Counsel for both parties, however, have argued the case assuming that to be the fact, and that it was known to the justice. It was decided in the early case of *Parks* v. *Goodwin*, 1 Doug. (Mich.) 56, that the failure of a nonresident to give security for costs before issue of summons was not jurisdictional, and the proper practice was held to be to move to set the process aside for failure to give security. Whether the motion to give security for costs is the equivalent of a motion to set the process aside we need not determine. By pleading to the merits and going to trial the defendant waived security in the justice's court. This court has repeatedly held that where a defendant denies a proper service of summons, and moves to quash for that reason, he waives the question by pleading to the merits and proceeding to trial. *Dailey* v. *Kennedy*, 64 Mich. 208; *Sherwood* v. *Ionia Circuit Judge*, 107 Mich. 136; *Gunn Hardware Co.* v. *Denison*, 83 Mich. 40; *Waldron* v. *Palmer*, 104 Mich. 556.

Besides, as the justice had jurisdiction under *Parks* v. *Goodwin*, the appeal gave the appellate court jurisdiction, and the proper practice would have been to move for security for costs in the circuit court.

Judgment affirmed.

MCALVAY, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.