PRIEST *v.* AMERICAN INSURANCE UNION.

1. PROCESS—GARNISHMENT—WAIVER—APPEARANCE—JUSTICES OF THE PEACE.

Appearance of a defendant corporation as garnishee in garnishment proceedings, and its consent to an adjournment to the day following, waived any defects in service of process.

2. SAME—NEW TRIAL.

The entry of a motion for a new trial by the garnishee in justice's court also operated as a waiver of defective service.

Error to Wayne; Murfin, J. Submitted June 18, 1912. (Docket No. 34.) Decided July 11, 1912.

Garnishment by Minnie Priest against the American Insurance Union, Columbia Chapter No. 142. Judgment for plaintiff. Garnishee defendant brings error. Affirmed.

*Lehman, Riggs & Lehman* (*Cavanaugh & Wedemeyer,* of counsel), for appellant.

*Berry & McCredie,* for appellee.

Brooke, J. This is a suit in garnishment. Service of process was made upon one Marion Rudd, who was secretary of the local chapter known as Columbia Chapter No. 142. On July 19, 1909, Miss Rudd appeared and disclosed: "When warrant comes there will be $500 due defendant." On November 27th summons to show cause was served on the said Marion Rudd returnable November 30, 1909.

On the return day the following entry was made by the justice: "Parties in court; case adjourned by consent to Dec. 1st, 1909, 9 a. m." Following this, the return of the justice shows these entries:

"Dec. 1st, 1909—9 o'clock a. m. Case called. Parties in court. Plaintiff declared in an action of assumpsit on all the common counts especially for money had and received, claiming damages $500 or under. Defendant moves to dismiss for want of proper service. Case adjourned by consent to Dec. 10th, 1909, at 9 o'clock a. m.

"Dec. 10th, 1909—9 a. m. Case called. Parties in court. Case adjourned by consent to Dec. 16th, 1909, at 2 o'clock p. m.

"Dec. 16th, 1909—2 p. m. Case called. Parties in court. J. M. Crabbs sworn in support of motion. Case adjourned by consent to Dec. 30th, 1909, at 2 o'clock p. m.

"Dec. 30th, 1909—2 p. m. Parties in court. Case adjourned by consent to Jan. 6th, 1910, at 9 a. m.

"Jan. 6th, 1910—Case called. Parties in court. Case adjourned by consent to Jan. 13th, 1910, at 9 o'clock a. m.

"Jan. 13th, 1910—Case called. Parties in court. Case adjourned by consent to Jan. 15th, 1910, at 9 o'clock a. m.

"Jan. 15th, 1910—Case called. Parties in court. Motion of defendant to quash overruled. Eugene P. Berry sworn in behalf of plaintiff and proved his authority to appear, offers in evidence Docket No. 70, page 425. De-

fendant offers no defense.   I thereupon render judgment in favor of plaintiff and against defendant for two hundred sixty-nine and 95/100 dollars damages and two dollars costs.

" Jan. 20th, 1910—Affidavit, motion, and notice for a new trial filed.   Case set for hearing Jan. 24th, 1910, at 9 o'clock a. m.

" Jan. 24th, 1910—9 o'clock a. m.   Case called.   Parties in court.   Motion for a new trial argued and submitted.   Judgment set aside and new trial granted.   Case set by consent for trial Jan. 25th, 1910, at 2 p. m.

" Jan. 25th, 1910—2 p. m.   Case called.   Parties in court.   Defendant filed written plea and affidavits.   Plaintiff offers constitution or code of regulations of American Insurance Union in evidence marked ' Exhibit A.'   Case adjourned by consent to Jan. 26th, 1910, 2 p. m.

" Jan. 26th, 1910—2 p. m.   Case called.   Parties in court.   Plaintiff files replication in nature of an answer to defendant's plea.   Case adjourned by consent of parties to Feb. 5th, 1910, at 9 a. m.

" Feb. 5th, 1910—Motion of defendant overruled.   I thereupon render judgment in favor of plaintiff and against defendant in the sum of two hundred sixty-nine and 95/100 dollars ($269.95) damages and two dollars costs.

" FRED E. DE GAW,

" Justice of the Peace."

Upon appeal to the circuit court, the judgment of the justice's court was affirmed.   The learned circuit judge held, and we think correctly, that the action of the defendant on January 20, 1910, when it made its motion for a new trial, operated as a general appearance.   That motion was supported by an affidavit upon the merits. Aside from this, we are of opinion that the justice's entry of November 30, 1909, is conclusively against the position taken by defendant.   That entry recites that the parties were in court, and that an adjournment was had by consent to the following day.   The facts there stated must control.   *Mitts* v. *Harvey*, 125 Mich. 354 (84 N. W. 288). In *Waldron* v. *Palmer*, 104 Mich. 556 (62 N. W. 731), this court said:

"The presence of the parties and their consent to adjourn the suit, without pleading, cured any real or imaginary defects in what preceded it."

See, also, *Lacomb* v. *Godkin*, 143 Mich. 193 (106 N. W. 702), and cases cited. 3 Cyc. pp. 504, 525.

As the action of the defendant amounted to a general appearance, and therefore a waiver of any alleged irregularity in the service of process, it is unnecessary to consider the claim of defendant that the service was bad.

The judgment is affirmed.

MOORE, C. J., and STEERE, MCALVAY, STONE, OSTRANDER, and BIRD, JJ., concurred.  BLAIR, J., did not sit.