BEIER *v.* PACHOLKA.

1. JUSTICES OF PEACE—JURISDICTION—ADJOURNMENT.
   Where cause in justice's court was adjourned by stipulation to certain date, justice was without jurisdiction to render judgment therein before adjourned day.

2. SAME—TRANSCRIPT OF JUDGMENT.
   Transcript of judgment in justice's court must affirmatively show jurisdiction.

3. SAME—EXECUTION BASED ON VOID JUDGMENT.
> Where transcript of judgment in justice's court showed on its face that justice was without jurisdiction to render judgment, execution based thereon and all subsequent proceedings thereunder are void.

Error to Wayne; Richter (Theodore J.), J. Submitted January 21, 1931. (Docket No. 90, Calendar No. 35,435.) Decided April 7, 1931.

Ejectment by Robert Beier against Cora W. Pacholka or Broadwell and others. Judgment for defendants. Plaintiff brings error. Affirmed.

*Frederick E. McCain,* for plaintiff.

*Retan & Zeleznik,* for defendant Cora W. Pacholka or Broadwell.

*Patrick H. O'Brien,* for defendant Truemner.

*Lucking, VanAuken & Sprague,* for defendant Allie M. Broadwell.

McDONALD, J. This is a suit in ejectment. The plaintiff claims title through sheriff's deed. Defendant Cora W. Pacholka claims title by warranty deed from Louis O. Broadwell, the original owner. She is in possession. Defendant Virginia Truemner claims title as sole heir of Louis O. Broadwell, deceased. The defendant Allie M. Broadwell claims a lien on the property given in decree for divorce.

Ernest B. Joslin purchased the land in question at a sale on an execution issued out of the circuit court for Wayne county. He deeded it to John G. Starling who deeded it to the plaintiff, Robert Beier. The execution was based on the transcript of a justice's court judgment. The transcript shows on its face that in justice's court on March 14, 1924,

by stipulation the cause was adjourned to March 28, 1924; that on March 18th, ten days before the adjourned day, the plaintiff appeared in court and took judgment in the absence of the defendant.

The justice had no jurisdiction to render judgment on March 18th. The transcript shows a void judgment. All proceedings based thereon are void. The transcript must affirmatively show jurisdiction. *Wedel* v. *Green*, 70 Mich. 642.

In the instant case, the transcript shows a judgment on which no valid execution could issue. All of the proceedings through which plaintiff traces his title were void. He has no title and right of possession to the property in question. It is not necessary to consider other alleged defects in the transcript or to determine the relative rights of the various defendants.

The judgment of the circuit court is affirmed, with costs to the defendants.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.