# School District No. 4 of Rush v. Spencer J. Wing.

*School district: Management of suits: Assessor: District board.* Our statute (*Comp. L., 1871,* § *3613*) having confided the management of suits brought against a school district to the assessor when no other direction has been given by the voters in district meeting, the moderator and director, though constituting a majority of the district board, have no authority to take the defense of a suit from the assessor; the control of suits is not among the powers or duties confided by the statutes to the district board.

The suggestion that the action of the assessor in this case was such as to be evidence of an adverse interest is disregarded; such a suggestion might be made in any case where the assessor had refused to yield his legal authority to another.

*School districts: Appeal: Director: Dismissal: Costs.* A judgment for costs against the district on the dismissal of an appeal taken in the name of the district by the director, without the authority or assent of the assessor, on the ground that the district had not appealed, is held to be erroneous.

*School districts : Writ of error: Assessor: Costs.* Costs are not awarded against the school district in this court, on a writ of error brought without authority of the assessor, to review such dismissal.

*Heard October 9. Decided October 13.*

Error to Shiawassee Circuit.

*Jerome W. Turner,* for plaintiff in error.

*Gould & Lyon,* for defendant in error.

COOLEY, J.

The question in this case concerns the right of any other 'person or officer to take from the assessor of a school district the management of suits brought against it, where the voters of the district have taken no action on the subject, and it does not appear that the assessor is interested adversely. The statute expressly provides that in such cases he shall appear for and on behalf of the district.— *Comp. L. 1871,* § *3613.* And this would seem to be conclusive, unless some other provision modifies this, or sanctions the intervention of others.

Our attention is not called to any statute which appears to contemplate such intervention, nor are we aware of any. It seems to have been supposed that the moderator and director, constituting a majority of the district board, would have the power to take the defense of a suit from the assessor; but the control of suits is not among the powers or duties which the statutes confide to the district board. It is specially confided to the assessor, and the other members, when he is competent to act, have no more to do with it than any other voters of the district. And the voters, as such, it has been held, could not interfere, even though by law their individual property might be taken to satisfy a judgment against the district.—*Lane v. School District,*

*10 Met., 462.* Even a majority of the voters could not interfere with the exercise of an authority specially confided by law to a district officer, except through the action of a lawful meeting.—*Mason v. School District, 20 Vt., 487.*

.It is suggested that the action of the assessor was such in this case as to be evidence of an adverse interest; but this might be suggested in any case where he refused to yield his legal authority to another. We think the circuit court decided rightly in dismissing the appeal.

An error was committed, however, in awarding costs against the district, after it had been decided that the district had never appealed; and in affirming the dismissal, except as to costs, as to which it is reversed, we make no order for judgment for costs, leaving the defendant in error to take such proceedings in respect to costs as he may be advised.

The other Justices concurred.