Henry S. Udell v. Morris Kahn; Henry S. Udell v. Adolph Kahn and another; and Henry S. Udell v. George Nungesser and another.

*Transcripts of justice's judgments: Affidavits: Amount due: Judgment.* Under our statute (*Comp. L. 1871*, §§ *5382-3*), providing for the filing in the circuit of transcripts of justice's judgments, upon a showing by affidavit that there are not sufficient goods and chattels liable to execution within the county, belonging to any one liable upon the judgment, to satisfy the same, and making it the duty of the clerk of the circuit court to file such transcripts and docket and enter the judgments, upon the filing of an affidavit of the amount due, it

is held that where there has been no substantial delay in preparing and filing the transcript, and the affidavit for the transcript contains a statement of the amount due, the transcript is not void for want of a separate affidavit of amount due, and an execution issued upon the same from the circuit is valid.

*Justice's judgments: Transcripts: Issue and return of execution: Justice's docket.* The issue and return of an execution unsatisfied before the justice is not, under this statute, necessary to authorize the filing of the transcript; and while the fact ought to appear on the justice's docket, yet, if he omits it, this will not invalidate the judgment; and his transcript is correct if it corresponds with the docket.

*Transcripts of justice's judgments: Entering and docketing in the circuit: Ministerial duty: Clerical omission: Execution.* Though the statute contemplates that the judgment shall be entered and docketed in a book, the omission of the clerk to perform this ministerial duty will not, under a practice like ours, by which judgments are not liens on lands, but can be enforced only by execution, render void the judgment, which derives its force and validity from the transcript of the justice; and an execution will be valid notwithstanding such omission, at least where there are no intervening interests of third persons; and such entry may be rectified by proper steps so as to relate back to the filing.

*Execution sales: Detached parcels of land: Sales in gross.* Where an execution has been levied on a large number of detached parcels of land, the sale of the whole in one lot for one bid, after an offer in parcels had failed to bring bidders, is not allowable; the owner cannot thus be deprived of his statutory right to redeem any parcel by itself. The sale of lands on execution is a purely statutory proceeding; and our statute (*Comp. L. 1871*, § 4636) is express on this subject, and allows no sale except in parcels; and this provision is not merely formal, but is a material one.

*Submitted on briefs January 15. Decided January 19.*

*Certiorari* to Manistee Circuit.

*Fowler & Harley,* for plaintiffs in *certiorari.*

*Dovel & Morris,* for defendants in *certiorari.*

CAMPBELL, J.

These cases were all brought here to review the order of the circuit court for the county of Manistee, refusing to set aside certain proceedings under transcripts of justice's judgments, and the points presented are substantially similar, so far as we find it necessary to consider them.

Objection is made to the transcripts, that no proper affidavits were filed, and that the justice's docket omitted mention of an execution issued and returned before him, and that the transcripts were not seasonably and correctly docketed in the circuit court.

The statute provides that a transcript shall be given when an affidavit is made, showing "that the deponent knows, or has good reason to believe, and does believe, that there is not sufficient goods and chattels liable to execution to satisfy such judgment, within the county in which such judgment was rendered, belonging to any person or persons against whom such execution may issue."—*Comp. L.*, § *5382*.

It is made the duty of the clerk of the circuit court to file the transcript and enter and docket the judgment, in a book for that purpose, if an affidavit is made stating the amount due.—§ *5383*.

In these cases the same affidavit covered both the amount due and the want of goods and chattels, and the transcripts were filed in each case within three days. But it is claimed there should be a separate affidavit of the sum due at the time of filing.

The statute is not as clear as it might be in regard to these affidavits. It seems to contemplate that two separate affidavits may be filed in each case, and there are cases where delay might make it necessary. But we can see no objection to combining all the facts in one affidavit, where there is no material delay in preparing and filing the transcript, inasmuch as all such affidavits must be filed with the clerk. If any fraud should be committed, where payment has been made between the affidavit and the filing, it can be easily redressed, and we do not think the transcript should be held void where there has been no substantial delay between the affidavit and the filing.

The issue and return of an execution unsatisfied before the justice, is not now necessary to authorize the filing of the transcript. The fact, however, ought to appear on the justice's docket. But if he omits it, the effect cannot possibly be to invalidate the judgment. And his transcript is correct if it corresponds with his docket. As the omission has no bearing on the right to a transcript, it is immaterial.

UDELL v. KAHN.

The statute also contemplates that the judgment shall be entered and docketed in a book. As judgments in this state can only be enforced by execution, and are not liens on land, it is difficult to see why the clerk's omission to perform a ministerial duty of this kind should render void a judgment, which derives its force and validity from the transcript of the justice. As between the parties, and where there are no intervening interests of third persons, we think an execution is valid, though the clerk may have omitted to make a complete entry, and that such entry may be rectified by proper steps so as to relate back to the filing.

But we can find no warrant for the course taken by the sheriff in selling the land. The levy was made on a large number of detached parcels of land, and they were sold in one lot for one bid in each case. The return shows that after an offer in parcels had failed to bring bidders, a sale was made in gross. But the statute is express on this subject, and allows no sale except in parcels. There can be no very good reason supposable, why lands will not bring some price separately as well as together, where they do not lie in one piece; and the owners cannot be thus deprived of their statutory right to redeem each parcel by itself.—*C. L.* §§ *4636, 4637.* Under a similar statute relating to mortgage sales, such a sale in gross was held by this court to render the proceedings absolutely void.—*Lee v. Mason, 10 Mich. R., 403.* The sale of lands on execution is a purely statutory proceeding, and this provision is not formal, but material; and a sale in violation of it was wrong.

The order of the circuit court must be reversed, and the sale set aside, with costs of this court in each cause.

The other Justices concurred.