## Peter Benalleck v. The People.

*Prohibitory liquor law: Penalty: Declaration: Reference to statute.* A declaration under the statute (*Comp. L. 1871.* § *2143*), to recover a penalty for a violation of the prohibitory liquor law, which only refers generally to the whole statute, and not specifically to the section for a violation of which the action is brought, is insufficient, on demurrer at least, and also, it seems (COOLEY, J., concurring in the result only, and CHRISTIANCY, J., dissenting), even upon an objection taken on that ground to the admission of any evidence under it on the trial.

*Statutory penalties: Declaration.* More particularity is required in a declaration to recover a statutory penalty than in some other common-law actions in which general counts are allowed; and, in the absence of any statutory provision to the contrary, it must set out with substantial certainty the facts to bring the defendant within the terms of the statute, leaving out no element of liability, and misstating none; and it must aver the obligation to have arisen under a statute.

*Prohibitory liquor law: Penalty: Declaration.* The liquor law having gone very far in the form prescribed in removing the requirements of specific averments, the courts will not assume that the door was intended to be opened any wider than the statute allows; and a declaration which is neither a good common-law declaration, nor sufficient under either the general statute for the recovery of penalties, or the specific provision of this particular act, cannot be sustained.

*Prohibitory liquor law: Suit for penalty: Declaration: Reference to section of statute.* As this statute does not put all sales upon the same footing, but makes a real distinction in the separate sections in the sales which make parties responsible, while it provides the same penalties for all prohibited sales, there is a substantial reason for requiring the declaration to indicate which section the defendant is charged with violating.

BENALLECK *v*. PEOPLE.

*Declaration: Signature: Public prosecution: Authority: Attorney.* A declaration under this statute which contains no signature, either of the prosecuting attorney or of any other attorney, is fatally defective; in the absence of statute no action can be brought on behalf of the public, except by the proper public agent; and while the statute here in question allows suits to be brought before a justice by private complainants, no private attorney can appear, except outside the township where the prosecuting attorney resides; and this provision is not mere matter of form, but is intended, for substantial reasons of public policy, to keep the control of prosecutions on behalf of the public within responsible direction.

*Declaration: Signature: Attorney: Authority.* The declaration has always been required to be signed by some one, in all courts, and this signature is usually the test to determine who appears; and while, under our statutes, in justice's courts, private parties may appear in person or by attorney, yet, when the appearance is by attorney, the authority may always be questioned; and in some cases must be shown affirmatively. It can never be unimportant to require that every suit shall appear to have been brought by some one presumed or shown to have authority.

*Heard October 28. Decided January 26.*

Error to Ingham Circuit.

*Crane & Montgomery,* for plaintiff in error.

*Isaac Marston, Attorney General,* for the People.

CAMPBELL, J.

Plaintiff in error was convicted of selling intoxicating liquor.

The suit was originally brought before a justice, and was removed to the circuit court by appeal. The declaration returned, and on which trial was had, was signed by no attorney, and was in general form, and substantially, though not literally, followed the terms of the precedent given in section ten of the liquor law, except that it did not set forth under what section of the statute the prosecution was brought. This objection was made when evidence was offered on the trial, and is alleged as error against the action of the circuit court.

By the provisions of the justice's act (§ *5310*), where a party declares in writing, the declaration must be conformed in substance to the rules of the circuit courts. In the absence of any statute, the rules of pleading have always

required that the facts which will bring a person within the terms of a penal statute must be set out with substantial certainty, and no element of liability can be left out or misstated.    More particularity has been required in such actions than in some other common-law actions in which general counts are allowed.    But no statute of amendments has ever permitted substantial defects of description to be aided, and it has also been held quite uniformly that a full averment of facts, upon an action brought directly to recover a penalty, will not, even after verdict, aid a declaration which does not aver the obligation to have arisen under a statute.—See *1 Chitty's Pl., 272–4, and notes and cases cited.*

•    It cannot be claimed that the present declaration would be good in substance at common law, or by the statutes of amendments.    The statutes which have made special provision for these actions, and which have removed the necessity of alleging facts specially, have not declared that any thing may be left out which they give as the elements of a statutory declaration.    They leave it optional whether to declare in one way or in the other, but when they provide that it shall be sufficient to declare in a way specified, it cannot be held that they will allow a common-law declaration to be dispensed with upon any less certainty than that specified.

The statute for the collection of penalties declares that in actions of debt to recover penalties and forfeitures, it shall be sufficient, without setting forth the special matter, to allege the indebtedness " whereby an action hath accrued according to the provisions of the statute by which such penalty or forfeiture is imposed, *specifying the section and chapter, as the case may require,* or in some other similar terms referring to such statute."—*Comp. L. 1871, § 6845.* The subsequent sections, providing for several particular cases, repeatedly allude to what shall be a sufficient reference to the statute, by speaking of it as " prescribed in " this section.—See §§ *6846–7.*

The liquor law, in declaring what form of declaration

" may be " used, gives a form fully conforming to § 6845.—
See *Comp. L. 1871*, § 2143, being *section 10* of the liquor
law. And since this law has gone very far in removing
the necessity of specific averments, we cannot assume that
the door was intended to be opened any wider than the
statute allows. It was probably the peculiar nature of the
evils aimed at, which induced the legislature to go as far as
they have done, in dispensing with fuller allegations, and it
is not consistent with justice to extend such liberality be-
yond what is indicated by the statutes.

The liquor law does not put all sales upon the same
footing. The sales of beer, wine and cider, which are for-
bidden, are in small quantities, and the evil chiefly aimed
at here is shown to be, tippling at the place of sale. The
sale of a gallon or of five gallons of the respective liquors
named in § 2152, to be taken away and not used on the
premises, is no offense.

But as to other intoxicating liquors, the quantity sold
is quite immaterial. The law reaches sales generally.—§§
2136–2138.

There is, then, a real difference in the sales which make
parties responsible, and the penalties being the same for
illegal sales of all kinds of liquors, there is the more reason
for indicating under which section a party is to be charged.

The declaration and record of appeal contain no signa-
ture of the prosecuting attorney or other attorney, and it
was thereupon objected in the circuit that the declaration
was not signed by any one as prosecutor who is authorized
to prosecute said cause under the law, but the objection
was overruled.

In the absence of statute no action can be brought on
behalf of the public except by the proper public agent.
The liquor law allows suits to be brought before a justice
by private complainants; but no private attorney can appear,
except in the townships where the prosecuting attorney does
not reside.—§ 2141. This is not a mere matter of form,
but is intended, for substantial reasons of public policy, to

keep the control of prosecutions on behalf of the public within responsible direction.

In justice's courts private parties may appear in person or by attorney, but when the appearance is by attorney the authority may always be questioned, and in some cases must be shown affirmatively.—*Comp. L.* §§ *5304, 5305.* The declaration has always been required to be signed by some one, in all courts, and this signature is usually the test to determine who appears. By the practice formerly in vogue it was necessary to append to every declaration a warrant of attorney to indicate the agency (see *Tidd's Pr., ch. 4*); and it is expressly provided in the statute of jeofails of this state, that judgment shall not be arrested for want of such warrant.—*Comp. L.* § *6051.* But it can never be unimportant to require that every suit shall appear to have been brought by some one presumed to have authority. In *Farmers and Mechanics' Bank v. Troy City Bank, 1 Doug., 457,* the signature of an attorney was held equivalent under our practice to an averment of warrant and authority.

In the case of *School District No. 4 v. Wing, 30 Mich., 351,* an appellate proceeding was held illegally brought by any one but the statutory agent of a school-district; and the same principle had been previously applied in *mandamus* cases and in others, where unauthorized parties complained.—See *People v. Navarre, 22 Mich., 1; People ex rel. Drake v. Regents, 4 Mich. R., 98.*

The suit therefore stood without the appearance of any named prosecutor or attorney in either court, apparent on the record; and this was erroneous.

The judgment should be reversed, with costs.

GRAVES, CH. J., concurred.

CHRISTIANCY, J.

I am not able fully to concur in the opinion of my brother Campbell in this case. That the declaration would

have been bad upon demurrer, for having omitted to specify the section under which the action was brought, or the penalty claimed, I entirely agree; because it was too general in referring only to the entire "Act to prevent the manufacture and sale of spirituous or intoxicating liquors as a beverage," and the statute as a whole applies to several different kinds of sales made under different circumstances.

Had the declaration been demurred to, it would have been held bad, and the prosecutor would have been compelled to amend by specifying the section under which he claimed to recover.

But by pleading the general issue, and going to trial upon it, I think the defendant waived this objection, and left the people at liberty to prove any sale in violation of any section of the statute for which the same penalty was given.

As to the objection that the declaration was not signed by any prosecutor, this also was, I think, good cause of demurrer, but I do not think the defendant waived it by neglecting to demur and going to trial. It was not under the statute any declaration at all, and the objection would have been good in arrest of judgment at the circuit. On this point therefore I concur with my brother Campbell in the result.

COOLEY, J.

I concur in the result.