## Thomas D. Scofield v. Washington Cahoon.

*Justice's courts: Plaintiff's attorney: Proof of authority.* The statute (*Comp. L. 1871,* § *5305*) is peremptory in its requirement that, in justice's courts where the defendant does not appear, the person appearing as the plaintiff's attorney shall prove his authority; this provision has an important purpose in the protection of parties against unauthorized proceedings, and it cannot be held to be directory merely, without defeating this purpose.

*Affidavit for certiorari: Attorney of the court: Statement of agency.* An affidavit for *certiorari,* made by an attorney of the court, who took charge of the proceedings throughout, is held sufficient, though it failed to state that the affiant made it as the agent or attorney of the party on whose behalf it was made.

*Plaintiff's attorney: Proof of authority: Omission of an oath: Statute construed.* The failure of the plaintiff's attorney to prove his authority is not cured or aided by the statute (*Comp. L. 1871,* § *5479*) forbidding the reversal of a judgment " merely for the omission or misrecital of an oath ;" it was not merely the omission of an oath, for that might possibly have been taken without helping the case; it was proof of authority that was required, and that is something more than an oath.

*Submitted on briefs October 29. Decided January 26.*

Error to Mecosta Circuit.

*Thomas D. Scofield,* in person, for plaintiff in error.

*B. F. Graves,* for defendant in error.

COOLEY, J.

The judgment of a justice of the peace in this case was reversed by the circuit court on *certiorari,* because the person appearing as the plaintiff's attorney did not prove his authority. The defendant did not appear before the justice, and the statute is peremptory that in such a case the authority of the plaintiff's attorney shall be proved.—*Comp. L.* § *5305.* The statute has an important purpose in the protection of parties against unauthorized proceedings, and we cannot hold it to be merely directory, without wholly defeating this purpose. With every disposition, therefore, to discourage, so far as we may, a practice like that adopted by the defendant in this case, of staying away from the

justice's court and watching for defects in the proceedings instead of coming forward for a trial on the merits, we feel compelled to agree with the circuit court in holding that the plaintiff in such a case must make out his case and show his right to a judgment in the manner prescribed by the statute.

Several objections are taken to the proceedings in the circuit court, only two of which seem to us to require notice. The first is that it was not stated in the affidavit for *certiorari*, which was made by a third person, that the affiant made it as agent or attorney of the defendant. It was made, however, by an attorney of the court who took charge of the proceedings throughout; and this we think sufficient. The other is that the statute forbids the reversal of a judgment " merely for the omission or misrecital of an oath." But the failure of the attorney to prove his authority before the justice was not merely the omission of an oath: the oath might possibly have been taken without helping the case; it was proof of authority that was required, and this was something more than an oath. Had there been a showing of authority without oath, the point might, perhaps, be well taken; but this is not pretended.

The judgment must be affirmed, with costs.

The other Justices concurred.