MARGARET WOODBRIDGE v. HUGH ROBINSON.

*Justices' courts—Warrant of attorney—Special appeal.*

The fact that plaintiff's attorney did not prove his authority is ground for reversing a justice's judgment for the plaintiff, if neither party appeared and the objection was properly taken.

The objection that the attorney for plaintiff in a justice's court did not prove his authority is properly raised by special appeal.

Error to Wayne.    Submitted Oct. 4.    Decided Oct. 11.

TRESPASS.    Plaintiff brings error.    Affirmed.

*Stewart & Galloway* for appellant.    It is not necessary that a plaintiff's attorney in a justice's court should be an attorney at law: *Hughes v. Mulvey* 1 Sandford 95; failure to prove his authority to act cannot be taken advantage of on special appeal, but a writ of certiorari must be resorted to: *Deitz v. Groesbeck* 32 Mich. 303; *McGraw v. Sturgeon* 29 Mich. 426; only jurisdictional defects are open on special appeal, and the proof of authority of attorney is not jurisdictional; it cannot be set up as a ground

for attacking the judgment collaterally: *Reed v. Gage* 33 Mich. 179; *Mayhew v. Snell* 33 Mich. 182.

*Hamilton Baluss* for appellee.

CAMPBELL, J.   Plaintiff brought into this court by writ of error the reversal by the circuit court for the county of Wayne of a judgment which had been rendered by a justice in her favor.   It now appears that after that reversal she treated it as final and sued her claim over again and got a new judgment which is also removed by appeal now pending in the Wayne circuit court.

The judgment before us was reversed because the attorney who appeared for plaintiff in her absence did not prove his authority—the defendant as well as the plaintiff not appearing.   This objection if properly taken was a good ground of reversal; and in our opinion it was properly taken by special appeal.

The judgment of the circuit court must be affirmed with costs.

The other Justices concurred.