## PROUTY v. BROWN.

JUSTICES OF THE PEACE—DOCKET ENTRY—JURISDICTION.

Where a justice's docket recited that an attachment was issued returnable at his office in a certain village at a specified hour on a stated day, that the case was called on the return day at the hour specified, and was adjourned to another date "at same hour and place," and on the adjourned day was called, plaintiff appearing personally and defendant specially by attorney to object to the bond, a contention that the docket showed on its face that the justice lost jurisdiction, in that it did not show the hour and place to which the case was adjourned, or at which it was called on the adjourned day, or that plaintiff appeared within one hour after the time to which it was adjourned, was without force.

Error to Ionia; Dodds, J., presiding.   Submitted October 4, 1900.   Decided January 29, 1901.

Replevin by Ezra Prouty against J. Prescott Brown. From a judgment for plaintiff on verdict directed by the court, defendant brings error.   Reversed.

*E. S. Fuller* and *George Bennett* ( *W. D. Fuller*, of counsel), for appellant.

*R. A. Hawley*, for appellee.

LONG, J.  Edward H. Allen recovered a judgment in justice's court in an action of *assumpsit* commenced by attachment against the plaintiff, and the defendant, who is a deputy sheriff of Ionia county, levied the execution issued on said judgment in the attachment case on the attached property, then in his possession under the original seizure, and plaintiff replevied the property.  On the trial of the replevin case the defendant sought to justify under his said execution levy, and offered in evidence the proceedings in the attachment suit.  He also produced the original execution under which he seized the attached property before service on him of the writ of replevin.  As a part of his case, defendant offered the justice's docket showing the proceedings in the attachment case leading up to the rendition of the judgment.  This docket was objected to for various reasons, which will be stated later. After stating the court and cause, the docket reads:

"Affidavit for attachment filed September 11, 1899; also bond.  Attachment issued September 11, 1899, returnable September 20, 1899, at 9 o'clock in the forenoon of said day, at my office in the village of Lyons, in said county.  Attachment and inventory returned personally served on the said defendant in said county of Ionia September 12, 1899, by J. Prescott Brown, deputy sheriff.

"September 20, 1899, 9 o'clock a. m.  Cause called. Written stipulation filed adjourning case to September 25, 1899, at same hour and place, without appearance of parties, and without prejudice to either party.

"On said adjourned day the cause was adjourned by consent to September 27, 1899, at same hour and place, without appearance and without prejudice.

"September 27, 1899.  Case called.  Plaintiff appeared personally and by George Bennett, his attorney.  Defendant appeared specially by R. A. Hawley, and moved to dismiss for following reasons: (1) Because the property attached belongs to that class of property which is exempt to a certain specified amount under the statute, and no

appraisal was made of such property by the officer levying the attachment, and no opportunity given by the officer to the defendant to select his exemption from such property; (2) because of only one surety to the attachment bond.

"Plaintiff's attorney objected to the consideration of this motion at this time, claiming that defendant had waived the claimed defect by his stipulation and consent to adjournment, which last motion I overruled. Plaintiff denied that said attached property was exempt from attachment, and defendant made no proof on the subject, whereupon I overruled the motion to dismiss for the first reason. Plaintiff asked leave to file a new bond, which I granted, and thereupon said new bond was filed, and the motion to dismiss denied. Plaintiff declared on all common counts in *assumpsit,* and specially on a note, which he filed with the court; also as assignee of the following claims: * * * Damages $300, or under.

"After hearing the proofs and allegations of the parties, judgment is hereby forthwith rendered in favor of the said plaintiff, Edward H. Allen, and against the said defendant, Ezra Prouty, for the sum of $70.38 damages and the said plaintiff's costs of this suit, taxed at the sum of $8.05.

"September 27, 1899. Execution issued and placed in the hands of Deputy Sheriff Brown. * * *

"ERNEST S. FULLER, Justice."

After the proofs were closed in the present case, plaintiff's counsel made the following objections to the justice's docket, claiming that it showed upon its face that the justice had no jurisdiction, because:

1. The transcript shows that the case was adjourned September 20, 1899, to September 25, 1899, but does not show at what hour and place the adjournment was to be; it saying "the same hour and place."

2. The docket shows that on said adjourned day the case was adjourned to September 27, 1899, but does not state to what hour and place.

3. The docket does not show at what hour and place the adjournment of September 25th was called, or whether it was called at all, and does not state with whose consent the case was adjourned to September 27th.

4. It does not appear at what hour or place the case was called on September 27, 1899, or at what time the plaintiff appeared.

The court charged the jury that the justice lost jurisdiction, as appeared from his docket, and, the defendant claiming to justify under that execution, and having no other defense, the verdict must be for plaintiff.

The defendant was permitted by the court to have the justice called and sworn as to the minutes he kept on the trial. He testified that, when he wrote up the docket, the minutes were taken out of the files, but that he had a distinct recollection of what they were. He was asked: "State whether or not on September 27, 1899, your minutes showed that the case was called at 9 o'clock in the forenoon, and that the plaintiff appeared." This was objected to as incompetent, and the objection sustained, and exception taken. Defendant's counsel also offered to prove by the attorney for the defendant in the attachment proceeding that on September 27th—the day the judgment was rendered—the case was called at 9 o'clock in the forenoon, and that he and plaintiff were both present at that time. This was objected to, the objection sustained, and exception taken.

Whether or not the court was in error in refusing to receive this testimony we need not discuss or determine, as we think the court was in error in ruling that the docket showed upon its face that the justice lost jurisdiction of the case. We think the docket itself shows that the case was called on September 27, 1899, at an hour and place known to the parties. It shows that the case was called on that date, that the plaintiff appeared, and that defendant appeared specially. There was no claim at that time by defendant that the justice had lost jurisdiction. He appeared specially to make certain motions: *First*, on the ground that no exemptions had been set aside to him; *second*, on the ground that the attachment bond had but one surety. These objections were overruled; and the docket states that, after hearing the proofs and allegations of the parties, judgment was rendered for the plaintiff. It is inconsistent with the claim now made that defendant's counsel should appear specially before the

justice, make his motions, and have them heard and decided by the justice before rendition of judgment, and not raise the question here presented; that is, that the case had not been called within one hour after 9 o'clock, the time to which it was adjourned. We think the plain inference from the docket is that the case was called within the proper time. Dockets of justices of the peace must receive a fair and reasonable interpretation. It is true they must disclose jurisdiction, which we think this docket does upon its face. This is not like the case of *Mudge* v. *Yaples*, 58 Mich. 307 (25 N. W. 297). In that case the defendant did not appear at all, and it was held that, as the docket did not show that the plaintiff appeared on the return day of the summons, and within one hour after the time fixed therein, the justice lost jurisdiction. Here the defendant appeared, although specially, and was heard upon his motions, and, the motions being overruled, the justice proceeded immediately to the hearing of the case.

We think the court below was in error. The judgment must be reversed, and a new trial ordered.

The other Justices concurred.