# BALTIMORE CITY COURT

Filed October 14, 1901.

ANDREW SAUER

VS.

JOHN O'FARRELL.

*Wm. M. Ballou, J. C. W. Haines* and *Horton S. Smith* for plaintiff.

*Charles F. Harley* and *John P. O'Ferrall* for defendant.

STOCKBRIDGE, J.—

In this case, Sauer vs. O'Farrell, leave has been asked to withdraw the pleas filed in the case, and following that to file motion of *ne recipiatur* as to the paper purporting to be a declaration.

The ground upon which that motion is made, rests in the fact, as contended, that the declaration was not signed by any one, counsel or plaintiff. An examination of the paper discloses the fact that under a single wrapper are three distinct papers, viz: That which in form is the declaration, the notice to plead and a prayer for a jury trial. The endorsement on the wrapper is the

general one of "Mr. Clerk, please file," without specifying what is to be filed.

It is perfectly plain since the decision of 86th and 89th Md., in the Nugent case and the Condon case, that the prayer for a jury trial is no part of the declaration, and the notice to plead has never been deemed such. There are cases where an endorsement upon a paper is construed as part thereof, but those are cases where the paper thus endorsed is but a single paper. We have here an endorsement covering apparently three papers. If we look for the extent to which that order, as endorsed on the wrapper of the papers is to be applicable we are brought to this necessary conclusion, that it is an order to the clerk to file that within which is a paper proper to be filed in a case, and it cannot be deemed to extend beyond that. That, in this case, would not cover the declaration. It is insisted by counsel that thus the declaration being left without signature, it is fatal to the present proceeding, that the proceeding must fall by reason of that fact.

That involves two questions, viz: As to what is the effect of an omission such as occurs in connection with this alleged declaration, whether it is a mere irregularity or whether it is a fatal defect, and if it is a mere irregularity, then what is the effect of such an irregularity?

The counsel for the motion have referred the Court to three cases. The first is the case of Riley vs. Murray, 8 Ind. 354, decided in 1856. In that case there is a single line to the effect that every pleading should be signed by the party or his attorney, a statement of a general proposition no one for a moment will deny, but there is no reference whatever as to the effect of the omission of such a signature and other matters in the case seem to have been determinative of that case rather than the failure to sign.

The second decision cited was a decision rendered in 1857, in Alabama, in the case of Browder vs. Gaston, 30 Ala. 677, and like the Indiana case of the year before, there is but a single line on this subject, which is in these words: "The complaint should also have been signed by the plaintiff or his attorney; Code 2234." The reference to the Code shows apparently that there was an express Code requirement that the signature should be affixed. But in this case, as in the Indiana case, there were several other issues which had been passed upon by the Appellate Court before they considered the question of the omission to sign.

The third case is that of Benalleck vs. People, 31 Mich. 200, decided in 1875. That was a peculiar proceeding, being a proceeding under the Michigan statute to enforce a penalty in connection with the liquor law. The statute provided that the suit could be brought not by any one, but only by a proper public agent, and suit was brought without any signature to the declaration, and the Court in ruling on that case among other grounds decided adversely to the plaintiff, because the declaration not being signed, it did not affirmatively appear that the suit was brought by a public agent as required by the express terms of the statute. In that case, however, three judges sitting, there was a dissenting opinion filed by Justice Christiancy, and while his dissent did not go to this question, it is important in this—that he states specifically that the method of taking advantage of the omission to sign should have been by demurrer. That brings us therefore to the effect of this omission.

There is one case in this State which, while not entirely to the point, has a certain degree of analogy, and that is the case of Smith vs. Goldsboro, 80th Md. 49. That was an appeal to the Circuit Court from the action of the commisisoners in regard to the opening of a road, and the petition of appeal in that case as the alleged declaration in this, was entirely unsigned. Judge Maulsby, as counsel, made the point that not being signed the pleading was defective and that the appeal must fall. In that case it is proper to say the Court of Appeals heard the appellants only and declined to hear the appellees and on page 59 of the opinion, in referring to the matter of the omission of signature, the Court speaks of it as a *mere irregularity.* If we look still further we find if it is a mere irregularity it is a matter which may be taken advantage of possibly by demurrer, though the only authority of which I am aware for that is the case already referred to in Michigan. Certainly it could be done with propriety by a motion of ne recipiature as filed in this case.

The authorities on this question are to some extent collected in the 20th Vol. of the Encyclopedia of Pleading and Practice, pages 1000, 1001 and 1002, under the title of Subscribing Pleadings together with the cross references there contained. The cases there referred to when examined also disclose that it has been the practice of the courts to treat such an omission as an irregularity rather than a fatal defect, and in many cases have permitted an amendment.

But when we examine the pleadings in this case we find this condition— that after this paper had been accepted by the clerk, a summons was issued and the defendant was returned summoned. Even if the pleas be considered as out of the case for the present, the defendant has appeared and has made an affidavit for removal.

At this stage of the case it cannot be said that the defendant has been in any manner prejudiced by reason of the omission to sign the nar, or that he has been misled to his injury.

There are a number of cases cited in the volume of the encyclopedia to which reference has already been made, to the effect that such an omission if not reasonably taken advantage of will be deemed to be waived.

That opens up, however, a somewhat doubtful question as to whether there can be any waiver of an omission of this character. Certainly if such a paper is no declaration there can be no waiver of anything connected with that which does not exist. If, however, it is a mere irregularity that is sought to be taken advantage of in this way it is undoubtedly the rule as in all other technical pleadings such as pleas in abatement, of limitations, etc., that the motion, objection or technical plea must be promptly filed, and if not promptly filed the defendant is precluded by his own delay from taking advantage of such defect. Following this analogy the motion in this case comes too late, when first made some two years after the defect in the nar was or should have been known to the defendant, and after he has appeared to the summons and by his affidavit had the case removed from the court in which it was originally instituted to this. The motion will be denied.