CHARLES BAKROW & CO. *v.* TOTTEN.

1. JUSTICES OF THE PEACE — COSTS — NONRESIDENT PLAINTIFFS — SECURITY—FAILURE TO REQUIRE.
    A judgment rendered by a justice of the peace in favor of a nonresident plaintiff will not be reversed for failure to require security for costs before issuance of summons where security was filed, though after the return day.

2. SAME—NONAPPEARANCE OF PLAINTIFF—WAIVER.
    Where plaintiff in justice's court fails to appear within the hour on an adjourned day, but defendant fails to leave the court-room or move for dismissal before plaintiff appears, and after plaintiff arrives moves for dismissal for the reason that plaintiff did not appear within the hour, the motion is properly denied on the ground that defendant has waived the point.

3. SAME—APPEAL — STAY OF PROCEEDINGS — BANKRUPTCY OF DEFENDANT.
    When the court was about to enter upon a trial of the merits of an appeal from justice's court, defendant's attorney stated that defendant had been adjudicated a bankrupt since the judgment appealed from was entered, and moved a stay of

proceedings but made no proof of his statement. Plaintiff's attorney claimed the right to take judgment to enable him to proceed against the sureties on the appeal bond, and judgment was rendered accordingly. *Held*, that no error was shown, since the record did not show that defendant's statement was admitted by plaintiff to be true.

Error to Saginaw; Beach, J. Submitted June 12, 1906. (Docket No. 87.) Decided October 1, 1906.

Assumpsit by Charles Bakrow & Company in justice's court against Frank M. Totten upon certain promissory notes. Plaintiff recovered judgment, and defendant appealed to the circuit court. There was judgment for plaintiffs, and defendant brings error. Affirmed.

*Rowland Connor*, for appellant.

*Lincoln E. Bradt*, for appellee. ·

HOOKER, J. This cause originated in justice's court, and a special appeal was taken by the defendant. The following is a copy of the return of the justice, viz.:

"Buena Vista, June 30th, 1904.
"CHARLES BAKROW & CO.
v.
"FRANK M. TOTTEN.
"9 a. m. Cause called at my office in the township of Buena Vista.

"The plaintiff appeared by Casper W. Ulrich, agent for said company, and by Lincoln E. Bradt, his attorney. The defendant appeared in person, the plaintiff declares, orally on all the common counts and assumpsit and specially on two promissory notes executed by the said defendant to the said plaintiffs upon which is now due the sum of $104.22 and files the said notes with the court as part of this declaration to the plaintiffs' damage $300.00. The defendant appears specially and moves the court in said cause for the reason the plaintiffs herein is a partnership and this suit should have been brought in the name of the individual partners. The motion overruled. The defendant appears generally and pleads the general issue and files with the court an unsworn affidavit and did

not request the court to swear him to said affidavit and also demands security for costs. The parties not consented on the court's own motion said cause was adjourned until the 6th day of July, 1904, at 9 a. m. at my office, in the township of Buena Vista.

"July 6th, 1904, at 9 a. m. cause called at my office, in the township of Buena Vista. The defendant appeared in person and at 9:45 a. m. the plaintiff telephoned the court that he was on his way to my office and I notified the defendant thereof at 10:05 a. m. The plaintiff appeared and met the defendant at the door of the office and made a statement that he was detained at the railroad crossing and was thereby delayed. The defendant makes a motion to dismiss the case for the reason that after waiting one full hour after the time fixed by the court on the adjourned day plaintiff failed to appear the defendant asks the case to be quashed and a release given in the garnishee case, both motions overruled by the court, case held open for half an hour, the plaintiff files security for costs and ready to proceed to trial. Casper W. Ulrich duly sworn, says there is now due and unpaid the sum of $104.22 and asks judgment for that amount, and after hearing all the evidence I forthwith render judgment in favor of the said plaintiffs, Charles Bakrow & Co., against the said defendant Frank M. Totten, for $104.22 damages, and the said plaintiff's costs, which are hereby taxed by me at $5.00.

"HERMAN MAHN,
"Justice of the Peace.

"Dated this 6th day of July, 1904.
"Fees $1.83."

The points relied upon in the special appeal are:

"1. That said justice erred in not requiring plaintiffs (who are nonresidents) to give security for costs as required by law.

"2. That the said justice erred in not dismissing said cause on the adjournment day, on motion of said defendant, when said plaintiff failed to appear, within one hour after the time said cause was adjourned to."

As security for costs was filed, though after the return day, the judgment should not be reversed upon the first ground. *Parks* v. *Goodwin*, 1 Doug. (Mich.) 56.

Counsel contend that the return shows that the plaintiff

did not appear within one hour of the time to which the cause was adjourned, and that the justice lost jurisdiction by reason thereof, and that he. should have granted the motion to dismiss at all events. Our interpretation of this return is that the plaintiff's appearance was delayed on the adjourned day beyond the hour. He telephoned the justice that he was on the way. The defendant was present and remained until five minutes after the hour expired, when he and the plaintiff met in the door, who stated to him that a train blockaded the street, and delayed him. Thereafter, defendant moved to dismiss, for the reason that plaintiff did not appear within the hour. This motion was properly denied. When a defendant does not appear jurisdiction may be lost by plaintiff's absence, but defendant's presence and omission to either leave, or move to dismiss, before plaintiff's arrival, may justly be treated as a waiver of the point. See *Mudge* v. *Yaples*, 58 Mich. 307; *Grand Rapids Chair Co.* v. *Runnels*, 77 Mich. 114; *Talbot* v. *Kuhn*, 89 Mich. 33; *Township of Fruitport* v. *Muskegon Circuit Judge*, 90 Mich. 23.

At the time the action was commenced, proceedings in garnishment were also begun. The usual bond upon appeal was also given discharging the garnishee. The judgment was rendered by the justice July 6, 1904. It was stated by counsel that on December 10, 1904, the defendant filed a petition in bankruptcy, and was adjudicated a bankrupt thereon, on December 12, 1904. This cause was then pending in the circuit court, and he opposed the entry of judgment upon that ground. The question was raised and statement made, when, after deciding the special questions, the judge was about to enter upon the trial of the merits. The claim was that the bankruptcy proceeding had the effect of staying the proceedings, under section 11 of the bankruptcy law (Act July 1, 1898, 30 U. S. Stat. chap. 541) which provides:

"SECTION 11. Suits by and against bankrupts. (a) A suit which is founded upon a claim from which a discharge

[in bankruptcy] would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until 12 months after the date of such judication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined."

The record contains no evidence of the truth of the statement, and defendant's assertion that the statement was admitted to be true by counsel for plaintiffs in his argument is denied.   The argument, as reported, does not contain such admission.   Furthermore, there is much force in the contention that plaintiffs cannot have their right to proceed with the case against the sureties stayed. The judge proceeded with the cause upon that theory. It does not follow that the statement was admitted.   The garnishee was discharged by the appeal, and the court held that although a levy could not be made upon defendant's property, plaintiffs would have a right to take a judgment against him, to bind the sureties.   We do not decide this question, however, as the record does not require it.

The judgment is affirmed.

BLAIR, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.