## MOORE *v.* FREDERICK.

1. JUSTICES OF THE PEACE—DEFECTIVE DOCKET ENTRIES—EFFECT.
   A justice's docket is fatally defective which does not show whether or not plaintiff appeared within one hour after the return hour, or that the justice waited one hour for the defendant to appear before beginning the trial of the case, or that the attorney for plaintiff proved his authority to act.

2. SAME—STATUTES—TRIAL ON MERITS—CERTIORARI.
   Section 948, 1 Comp. Laws (3 Comp. Laws 1915, § 14434), requiring that the court in certiorari cases give judgment "as the right of the matter may appear, without regarding technical omissions, imperfections, or defects in the proceedings before the justice which did not affect the merits," has no application where there has been no trial on the merits.

Error to Wexford; Lamb, J. Submitted January 5, 1917. (Docket No. 44.) Decided September 27, 1917.

Assumpsit in justice's court by Marion Moore and Charles Hunt, copartners as Moore & Hunt, against Charles Frederick on a promissory note. From a judgment for plaintiffs, defendant appealed to the circuit court by writ of certiorari, with George C. Teed, surety on the bond. Judgment for plaintiffs. Defendant brings error. Reversed.

*Jesse R. Cropsey,* for appellant.

*Fred C. Wetmore,* for appellees.

MOORE, J. The defendant gave plaintiff a note reading:

"$29.40.                    MESICK, April 5, 1910.

"December 1st, after date, I promise to pay to Moore & Hunt or bearer twenty-nine and 40/100 dollars at Mesick Bank, value received, with interest at the rate of seven per cent. per annum.

"P. O. Mesick.          CHARLES FREDERICK."

Later he wrote the following letter:

"MESICK, MICH., 12—7—1912.

"Mr. ERBAN LAKE.

"*Dear Sir:* Received your letter in regard to my note of Moore & Hunt that I will settle with them in the spring as I do not want to sell my crops now and only realize a few dollars to satisfy them as they would not for me. If my bean crop would have been what I looked for I would have settled with them this fall but instead of forty bushels I got fifteen from five acres. The debt is where a smooth tongued agent goes through the country and sells you fence, gets your note and then pay or take the consequences. I will never let another one in my door and you can write to them what they want to do about the matter and I will be down and see you some day this week as I am in no position to meet any of it now. I will come down and talk it over with Reuben and he can probably help me out.

                         "Respectfully,
                    "CHARLES FREDERICK."

Suit was brought to recover upon said note in justice's court. A summons in the usual form was issued, which was personally served. The defendant, it is said, because of a misunderstanding as to the time, did not appear upon the return day. The note and letter were received in evidence, and a judgment rendered for the amount due on the note. The defendant claimed the docket entries were defective, and removed the case to the circuit court by certiorari. We quote from the brief of counsel:

"We now come to the more important assignments of error, the fourth being for the reason that the docket does not show as to whether or not the plaintiff

appeared within one hour after the return hour, and the fifth being for the reason that the docket of said justice does not show that he waited one hour for the defendant to appear before proceeding to the trial of the cause. These two assignments can be argued together, as a great many of the authorities which I desire to cite touch both these propositions."

Counsel cite *Mudge* v. *Yaples,* 58 Mich. 307 (25 N. W. 297); *Chaddock* v. *Barry,* 93 Mich. 546 (53 N. W. 785); *Mitts* v. *Harvey,* 125 Mich. 356 (84 N. W. 288); and other cases. See, also, *Bakrow & Co.* v. *Totten,* 146 Mich. 57 (109 N. W. 31); *Scott* v. *Brown,* 175 Mich. 447 (141 N. W. 857).

We again quote from the brief:

"The tenth assignment of error is another one of some importance which relates to the fact that the attorney who appeared for the plaintiff did not, so far as the record shows, prove his authority. The docket shows that neither the plaintiff nor defendant appeared; consequently it was incumbent upon the attorney who appeared for the plaintiff, under that situation with neither of the parties appearing, to prove his authority to appear, and this court has passed upon that question in the following cases: *Benalleck* v. *People,* 31 Mich. 200; *Scofield* v. *Cahoon,* 31 Mich. 206; *Morton* v. *Crane,* 39 Mich. 526; *Woodbridge* v. *Robinson,* 49 Mich. 228 (13 N. W. 527)."

The justice made a detailed return to the writ of certiorari. The circuit judge was of the opinion that the return must be regarded as conclusive, and that it shows the requirements of the statute were met, citing *Rawson* v. *McElvaine,* 49 Mich. 194 (13 N. W. 513), *Mann* v. *Tyler,* 56 Mich. 564 (23 N. W. 314), and other cases, and affirmed the judgment. The case is brought here by writ of error.

One trouble with the conclusion reached by the trial judge is that the return, while it purports to show what occurred before the justice, does not show that the docket contains the entries the statute requires.

If the return could control, and the condition of the docket could be ignored, possibly the conclusion of the trial judge could be sustained, but none of the cases referred to by the judge would justify that course.

We have held in the cases cited by appellant that a docket as barren of entries as is the one in this case is fatally defective.

Counsel for appellees urge that the judgment be sustained, invoking the provisions of that part of section 12394, 5 How. Stat. (2d Ed.), (3 Comp. Laws 1915. § 14434), directing the court to give judgment in certiorari cases "as the right of the matter may appear, without regarding technical omissions, imperfections, or defects in the proceedings before the justice which did not affect the merits."

As there was no trial upon the merits, it is difficult to see how this statute can save the judgment.

The judgment of the circuit court is reversed, with costs.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, BROOKE, and FELLOWS, JJ., concurred.