PERRY v. LINK.

1. JUSTICES OF THE PEACE—ADJOURNMENT—JURISDICTION.
   A justice of the peace must enter a judgment of nonsuit if a plaintiff fails to appear within one hour after the time to which a case has been adjourned as the justice loses jurisdiction unless the plaintiff so appears (3 Comp. Laws 1929, § 16085).

2. SAME—DOCKET.
   While the docket of a justice of the peace must receive a fair and reasonable interpretation, and due allowance be made for the fact that ordinary justices are not legal experts and not expected to keep their dockets with the same nicety of legal form and expression to be found in the record of higher courts, yet the docket must show by a reasonable intendment that the justice had jurisdiction.

3. SAME—DOCKET—JURISDICTION.

   Docket of a justice of the peace showing an adjournment to a certain date and on that date an entry ''Case called. Parties appear as before'' sufficiently showed that the justice did not lose jurisdiction to enter judgment for plaintiff (3 Comp. Laws 1929, §§ 16085, 16273).

4. EXECUTION—MAKING AND FILING OF AFFIDAVIT OF TRANSCRIPT IN CIRCUIT COURT.

   The validity of a transcript of a judgment entered by a justice of the peace and the subsequent levy and sale was not affected by the fact that there was a delay of four days between the making of the affidavit for transcript and the filing of the transcript where one of the intervening days was a Sunday · (3 Comp. Laws 1929, §§ 16094, 16095).

5. JUSTICES OF THE PEACE—IRREGULARITY IN DOCKET ENTRY.

   An irregularity in the docket entry of a justice of the peace should be corrected by special appeal or certiorari in the same case.

6. EQUITY—DELAY.

   Plaintiffs, debtors whose real estate had been levied upon and sold, are not in a good position to seek equitable relief by way of setting aside execution and sale of such lands where they had had eight years in which to pay their debt and did not attempt to do so.

Appeal from Ingham; Carr (Leland W.), J. Submitted January 14, 1941. (Docket No. 100, Calendar No. 41,466.) Decided March 11, 1941.

Bill by Milton H. Perry and Gladys B. Perry against E. R. Link and others asking that execution sale of lands in Clinton county be set aside. Bill dismissed. Plaintiffs appeal. Affirmed.

*Dwight L. Wilson,* for plaintiffs.

*Gregg, Thompson & Glassen* and *Rathbun & Arvidson,* for defendants.

BOYLES, J. Plaintiffs filed a bill of complaint in chancery asking that sale on execution of certain

lands in Clinton county be set aside. The circuit judge, on hearing, dismissed the bill of complaint. The lands were levied on and sold under an execution out of the circuit court on a transcript of judgment rendered in justice court. Plaintiffs attack the validity of the levy and sale on two grounds: (1) that the docket entries show the justice court judgment to be void; and (2) that the transcript was not properly filed because of the lapse of time between the making of the affidavit of amount due and the filing of the transcript in the circuit court.

1. Plaintiffs claim that the docket entries do not show that the plaintiff in justice court appeared within the hour of adjournment, and that the justice thereby lost jurisdiction except to render a judgment of nonsuit. The docket entries are set out in full in the record. They show that both the plaintiff and defendants appeared by attorneys on the return day of the summons, August 20, 1932, at 9 a.m., and the cause was adjourned to September 3, 1932, at 9 a.m., at the same place; that on September 3, 1932, by consent of parties, the cause was adjourned to September 10, 1932, at 9 a.m., at the same place. Similar successive entries show that by consent of parties the cause was adjourned to September 17, September 22, November 19, November 26, November 28, and December 3, 1932, these successive docket entries showing in each instance that the cause was adjourned to 9 a.m., at the office of the justice. The entry for December 3, 1932, states:

"Dec. 3, 1932. Case called. Parties appear as before.

"Plaintiff declares orally on all matters provable under the common counts in assumpsit and specially on a promissory note. *    *    *

"Defendant attorney withdraws his appearance.

"After waiting one hour and defendant not yet appearing S. D. Rathbun was sworn and testified as a witness on behalf of the plaintiff."

The docket then indicates the entry of judgment for the plaintiff.

It is apparent from the foregoing that defendants' (in this case plaintiffs') attorney appeared in court on December 3d when the case was called and remained until after plaintiff had declared orally, before withdrawing his appearance. The justice then waited one hour, and, "defendant not yet appearing," a witness was sworn, and judgment entered.

3 Comp. Laws 1929, § 16273 (Stat. Ann. § 27.3531), requires every justice of the peace to keep a docket in which shall be entered, *inter alia,* the time when the parties appear before him, and the time to which every adjournment is made. 3 Comp. Laws 1929, § 16085 (Stat. Ann. § 27.3285), requires that a judgment of nonsuit be rendered if, after an adjournment, the plaintiff fails to appear within one hour after the time to which the adjournment shall have been made. By judicial construction, this has been interpreted to mean that the justice loses jurisdiction unless the plaintiff so appears.

The decisions relied upon by plaintiffs are readily distinguishable from the case at bar. In *Moore* v. *Frederick,* 197 Mich. 573, the justice docket did not show whether plaintiff appeared within the hour after the return, or that the justice waited one hour for defendant to appear. In that case, the defendant *did not appear in court at all.* It was held that "a docket as barren of entries as is the one in this case is fatally defective." In *Scott* v. *Brown,* 175 Mich. 447, *neither party appeared* at the time stated,

or within the hour, and the justice attempted to hold
the case open on an oral telephone request by the
plaintiff made before the return hour. In *Mudge*
v. *Yaples,* 58 Mich. 307, the docket entry showed
the summons returnable on a certain day, but failed
to indicate the day on which the plaintiff appeared
in court, and affirmatively showed that the defendant
*did not appear in court.* In holding that the justice
had lost jurisdiction, the court said:

"While the docket of a justice must receive a fair
and reasonable interpretation, and due allowance
be made for the fact that our ordinary justices of
the peace are not legal experts, and not expected to
keep their dockets with the same nicety of legal form
and expression to be found in the records of our
higher courts, as held in the case of *Vroman* v.
*Thompson,* 51 Mich. 452, yet the docket must show
by a reasonable intendment that the justice had juris-
diction. The appearance of the plaintiff within one
hour of the time named on the return-day of the
summons must be affirmatively shown *where there is
no appearance of the defendant,* or jurisdiction is
lost."

In deciding a case where the docket failed to state
the place to which an adjournment was made
(*Whelpley* v. *Nash,* 46 Mich. 25), this court said:

"In recording an adjournment the justice neg-
lected to state to what place it was made. This ir-
regularity in the entry worked no prejudice to de-
fendant. He was not misinformed or misled. *He
appeared in person and answered.* The defect was
a clerical mistake which harmed no one."

The case of *Prouty* v. *Brown,* 125 Mich. 507, is
very much like the case at bar. Process was issued
and served, returnable on a day certain, at 9

a.m., at a place certain. The docket entry showed that on the return day, at the time and place stated, the cause was called and a written stipulation filed without appearance of parties adjourning the case to a day certain, "at same hour and place." On said adjourned day, the cause was again adjourned by consent without any appearances to a day certain, "at same hour and place." The docket entry then shows:

"September 27, 1899. Case called. Plaintiff appeared personally and by George Bennett, his attorney. Defendant appeared specially by R. A. Hawley."

On transcript, the question was raised that the docket failed to show at what hour and place the case was called on September 27th, or at what time the plaintiff appeared. This court held that the lower court was in error in ruling that the docket showed upon its face that the justice had lost jurisdiction:

"We think the plain inference from the docket is that the case was called within the proper time. Dockets of justices of the peace must receive a fair and reasonable interpretation. It is true they must disclose jurisdiction, which we think this docket does upon its face. This is not like the case of *Mudge* v. *Yaples*, 58 Mich. 307. In that case the defendant did not appear at all, and it was held that, as the docket did not show that the plaintiff appeared on the return day of the summons, and within one hour after the time fixed therein, the justice lost jurisdiction."

In the case at bar, the docket entry for November 28, 1932, shows an adjournment to December 3, 1932, at 9 a.m. of said day, at the office of the justice. The next entry reads:

"Dec. 3, 1932. Case called. Parties appear as before."

The docket entries are sufficient to show that the justice did not lose jurisdiction to enter the judgment.

2. Was the lapse of time between making of the affidavit for transcript and the filing of the transcript in the circuit court fatal? The affidavit was made August 24, 1935, and filed with the clerk of the circuit court August 28, 1935. August 25, 1935, fell on Sunday; therefore, only two secular days intervened between the date of the affidavit and the date of its filing. 3 Comp. Laws 1929, § 16094 (Stat. Ann. § 27.3294), provides for making and delivering to a justice of the peace an affidavit setting forth certain requirements, whereupon the justice shall give a certified transcript of the judgment and proceedings as they appear upon the docket. 3 Comp. Laws 1929, § 16095 (Stat. Ann. § 27.3295), provides for the making of an affidavit stating the amount due upon the judgment, and making it the duty of the clerk of the circuit court to file such affidavit and transcript in his office when requested, and to enter the judgment, noting the amount sworn to be due. While these statutes contemplate the making of two separate affidavits, this court has held that there is no objection to the combining of the facts in one affidavit where there is no material delay in preparing and filing the transcript, inasmuch as all such affidavits must be filed with the clerk. *Udell* v. *Kahn,* 31 Mich. 195. In that case, this court held that an affidavit sworn to on the 19th day of December and filed with the county clerk on the 22d of December was sufficient. In the later case of *Shepard* v. *Schrutt,* 163 Mich. 485, we held:

"In *Udell* v. *Kahn, supra,* the transcript was filed within three days after the affidavit was sworn to, and it was held to be timely, and that there was no

such delay as might give rise to a presumption that payment after the date thereof, and before filing with the clerk, may have been made, as was the case in *Bigelow* v. *Booth,* 39 Mich. 622, where 8 days had elapsed, and in *Berkery* v. *Wayne Circuit Judge,* 82 Mich. 160, where 11 days intervened. So it must be held that the clerk had authority to receive, enter, and docket this transcript."

The lapse of time between the date of the affidavit and the date of filing, in the case at bar, does not affect the validity of the transcript, and of the levy and sale.

In the decisions we have examined, the validity of the docket entries and judgment was attacked directly by appeal or certiorari. In an early case, this court held the irregularity in the docket entry should be corrected by special appeal or certiorari in the same suit. *Talbot* v. *Kuhn,* 89 Mich. 30 (28 Am. St. Rep. 273).

The equities in the case at bar are not with the plaintiffs. The judgment in justice court was rendered against them in 1932. While the case was there pending, they made a payment on their debt and entered into a stipulation acknowledging the amount of the balance due, which they have never paid. The only apparent occasion for their attorney to appear in justice court on the final day was to see that judgment was not taken in excess of the agreed amount. The transcript to the circuit court was taken and filed in 1935. At that time, plaintiffs were notified of that fact, and of the levy made against their lands. The property was sold under the execution levy in 1937. The sheriff's deed was not delivered until 1939, at which time plaintiffs were again notified. Plaintiffs filed their bill of complaint in 1940. Plaintiffs had eight years in which to attempt to pay their debt. While this is

not claimed to be controlling, plaintiffs are not in a good position to seek equitable relief.

Decree for defendants (appellees) dismissing bill of complaint is affirmed, with costs.

SHARPE, C. J., and BUSHNELL, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.